UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| JOSE M. GONZALEZ,<br><br>　*Plaintiff*,<br><br>v.<br><br>INTERNATIONAL MEDICAL DEVICES, INC., *et al.*,<br><br>　*Defendants*. | §<br>§<br>§<br>§<br>§ CASE NO. 1:24-cv-00982-DAE<br>§<br>§<br>§<br>§<br>§ |

**MOTION TO DISMISS**

Defendants International Medical Devices, Inc. ("IMD"), Menova International, Inc. ("Menova"), James J. Elist M.D., a Medical Corporation ("Elist Medical"), and James Elist, M.D. ("Dr. Elist," and collectively with IMD, Menova, and Elist Medical, "Defendants") move pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(2) to dismiss Plaintiff's Complaint and respectfully show:

**ARGUMENT**

Plaintiff seeks to recover under the Texas Deceptive Trade Practices Act ("DTPA") for economic losses he claims resulted from his reliance on misrepresentations allegedly made concerning a prescription penile implant. *See generally* Compl., ECF No. 4. The Court should, however, dismiss Plaintiffs' Complaint as to Defendants for two reasons. ***First***, although a summons and a copy of the Complaint were mailed to each of the Defendants, Plaintiff himself placed these materials in the mail in contravention of Texas law, California law, and Federal Rule of Civil Procedure 4(c)(2). Thus, Plaintiff's attempts at service fail as a matter of law. ***Second***, in addition to failing to adequately serve the Defendants, Plaintiff has neither alleged, nor can he otherwise present, facts sufficient to establish a *prima facie* case that personal jurisdiction exists

1

in this matter with respect to Defendants. The Court should, therefore, grant this motion and dismiss Plaintiffs' Complaint as to all Defendants pursuant to Rules 12(b)(5) and 12(b)(2).

### A. Dismissal is warranted under Rule 12(b)(5) due to insufficient service of process.

Plaintiff has filed "Proof(s) of Service" with the Clerk indicating that he, himself, mailed the summonses and copies of his Complaint to Defendants at their respective California addresses. *See* ECF No. 13 at Pages 3, 6, 9, 12. Plaintiff is not, however, authorized to serve process on Defendants by mail (or otherwise) under Texas law, California law, or the Federal Rules of Civil Procedure because he is a party to this action.

#### 1. Legal Standard.

Federal Rule of Civil Procedure 12(b)(5) permits a party to challenge personal jurisdiction by moving to dismiss an action for insufficient service of process. *Dennis v. Eryngo Hills Apartments*, No. 1:22-CV-00683-DAE, 2023 WL 3855066, at *1 (June 6, 2023); *Gartin v. Par Pharm. Cos., Inc.*, 289 F. App'x 688, 691 n.3 (5th Cir. 2008) (per curiam) ("Generally speaking, … a Rule 12(b)(5) motion challenges the mode of delivery or lack of delivery of the summons and complaint.'") (quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1353 (3d ed.)); *see also Savage v. Detroit Indep. Sch. Dist.*, No. 4:22-CV-00202, 2022 WL 16814962, at *3 (Nov. 8, 2022) ("Service of process and personal jurisdiction are closely intertwined because service is a prerequisite to personal jurisdiction.").

When ruling on a Rule 12(b)(5) motion to dismiss, a court looks to Rule 4, which sets out the requirements for service of process. *Lechner v. Citimortgage, Inc.*, No. 4:09–CV–302–Y, 2009 WL 2356142, at *2 (N.D. Tex. July 29, 2009); *Naranjo v. Univ. Sur. Of Am.*, 679 F. Supp. 2d 787, 795 (S.D. Tex. 2010) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Federal Rule of Civil Procedure 4.").

The party effecting service has the burden to prove that service was valid. *Dennis*, 2023 WL 3855066 at * 1 (citing *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012)).

### 2. Insufficiency of service as to Dr. Elist.

Pursuant to Rule 4, service on an individual, *i.e.*, Dr. Elist, may be made in accordance with: (i) the requirements of Rule 4(e)(2); (ii) the law of the state in which this Court sits, *i.e.*, Texas; or (iii) the law of the state where service is made, *i.e.* California. FED. R. CIV. P. 4(e)(1, 2). Plaintiff cannot rely on Rule 4(e)(2), however, because it requires service by personal delivery[1] which is not satisfied by service by mail. *See Lechner*, 2009 WL 2356142 at *2 ("Service by mail does not satisfy Rule 4(e)(2)'s requirement of personal delivery."). Thus, Plaintiff must establish that his mailing of the summonses and complaints constitutes valid service under Texas or California law, which he likewise cannot do.

Although Texas law permits service by "registered or certified mail, return receipt requested," *see* TEX. R. CIV. P. 106(a)(2), and California law permits service by "first-class mail or airmail," *see* CAL. CIV. PROC. § 415.30, both states expressly prohibit *a party* to the action from serving process by any means including mail. *See* TEX. R. CIV. P. 103; CAL. CIV. PROC. § 414.10; *Lechner*, 2009 WL 2356142 at *2 (finding service insufficient under Texas law where "Plaintiffs attempted to effect service by mailing copies of the summonses and complaint themselves"); *Savage*, 2022 WL 16814962 at *3 ("While Texas law allows service by certified mail, it must be done by an authorized person [and] Rule 103 specifically provides that "no person who is a party to … suit may serve any process in that suit."); *accord Constien v. U.S.*, 628 F.3d 1207, 1215 (10th Cir. 2010) ("[E]ven when service by mail is proper, it cannot be a party who mails it."); *Morelock*

---

[1] Rule 4(2)(e) permits service by personal delivery to the individual or personal delivery to a person of suitable age and discretion that resides in the individual's dwelling or usual place of abode. Fed. R. Civ. P. 4(e)(2); *Lechner*, 2009 WL 2356142 at *2.

3

*v. Katz*, 2022 WL 17850365, at * 1 (4th Cir. Dec. 22, 2022) (same). Because Plaintiff himself placed the summons and complaints in the mail, the attempted service was insufficient under Texas and California law.[2]

Moreover, in order for service by mail to be valid under California law, the person served must sign an acknowledgment of service. *See Poorsina v. Teng*, 2022 WL 110649, at *4 (N.D. Cal. Jan. 12, 2022) ("Service [by mail under California law] is effective … *only upon execution and return of an acknowledgment.* If the addressee fails to execute and return the acknowledgment, there is no effective service.") (emphasis in original). Plaintiff does not have such an acknowledgment signed by Dr. Elist which further invalidates Plaintiff's purported service under California law.

### 3. Insufficiency of service as to IMD, Menova, and Elist Medical.

Pursuant to Rule 4, service on a corporation, partnership, or other unincorporated association may be made: (ii) in accordance with Rule 4(h)(2); or (ii) in the manner prescribed by Rule 4(e)(1) for serving an individual (*i.e.*, in compliance with the law of the forum state or that of the state in which service is made). FED. R. CIV. P. 4(h)(1). Again, however, Rule 4(h)(2), like Rule 4(e)(2), requires service by personal delivery. *See Lechner*, 2009 WL 2356142 at *2 (explaining that a corporate defendant cannot be validly served with process by mail under Rule 4(h)(2)). And, as discussed above, Plaintiff has not validly served IMD, Menova, or Elist Medical under Texas or California law because neither state permits a party to an action to serve process by mail or otherwise. *See* TEX. R. CIV. P. 103; CAL. CIV. PROC. § 414.10; *Lechner*, 2009 WL 2356142 at *2; *Savage*, 2022 WL 16814962 at *3; *accord Constien*, 628 F.3d at 1215; *Morelock*,

---

[2] Federal Rule of Civil Procedure 4(c)(2) likewise prohibits service by a party.

4

2022 WL 17850365 at *1.[3] Because they have not been adequately served with process in this action, Defendants respectfully request dismissal of Plaintiff's Complaint.

### B. The Court does not have personal jurisdiction over Defendants.

When accepted as true, the jurisdictional facts alleged in the Complaint do not establish a *prima facie* case for personal jurisdiction over Defendants.

#### 1. Plaintiffs' uncontroverted jurisdictional allegations.

Plaintiff claims that sometime around May 2022, while "browsing the internet," at his home in Webb County, Texas, he saw advertisements for the Penuma penile implant (the "Device") on a website he claims was operated by defendant Dr. Elist. Compl., ECF No. 4, ¶ 24. Plaintiff claims that unspecified representations on the website lead him to believe that: (i) the Device had been approved by the FDA as a "safe and effective [option] for men like him who had normal penises, but simply wanted their penises to be larger"; (ii) Device implantation "would result in a normal looking penis"; and (iii) the Device could be explanted without risk of adverse consequence. *Id.*, ¶¶ 26-28. After viewing Dr. Elist's alleged website, Plaintiff consulted with urologist Todd Bryan Kansas, M.D., who similarly informed him that Device implantation was a low risk, reversible procedure, and Plaintiff elected to move forward with the procedure. *Id.*, ¶¶ 30-32. Dr. Kansas prescribed and surgically implanted the Device on July 26, 2022. *Id.*, ¶ 32. Undesirable complications arose thereafter, and Plaintiff believes the representations he claims to have seen on Dr. Elist's website were false, and, on that basis, he seeks to recover under the DTPA for economic losses he claims to have suffered due to his alleged reliance thereon.

---

[3] And again, Plaintiff does not have an acknowledgement of service signed by IMD, Menova, or Elist Medical which further renders Plaintiff's purported service of these entities invalid under California law. *See Poorsina*, 2022 WL 110649 at *4.

In addition to Dr. Elist, Plaintiff asserts his DTPA claims against IMD, Menova, and Elist Medical. Plaintiff alleges that IMD is the Device manufacturer and that Menova holds the rights to all intellectual property associated with the Device. *Id*., ¶¶ 42-44. Plaintiff makes no Device related allegations at all as to Elist Medical. *See generally id.* Plaintiff further alleges that IMD, Menova, and Elist Medical are California corporations and that each maintains its principal place of business in California. *Id*., ¶ 14.[4]

2. **Legal standard.**

When personal jurisdiction is contested under Rule 12(b)(2), and the issue is determined without an evidentiary hearing, the plaintiff must make a *prima facia* showing of jurisdiction. *Mercer v. McKenzie Tank Lines, Inc.*, No. 4:18-cv-00695, 2018 WL 3218047, at *1 (S.D. Tex. July 2, 2018) (citing *Wein Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 211 (5th Cir. 1999)). In deciding the issue, the court may consider the entire record, including affidavits. *Id*. (citing *Paz v. Bush Engineered Metals, Inc.*, 445 F.3d 809, 812 (5th Cir. 2006)). If the court finds that it lacks personal jurisdiction over the defendant, it must dismiss the action. *Mercer*, 2018 WL 3218047 at *2 (citing Fed. R. Civ. P. 12(b)(2)).

A district court sitting in diversity may exercise personal jurisdiction to the extent permitted by the laws of the forum state. *Mercer*, 2018 WL 3218047 at *2 (citing *Fielding V. Hubert Burda Media, Inc.*, 415 F. 3d 419, 424 (5th Cir. 2005). Because the Texas long-arm statute allows jurisdiction to be exercised to the extent permitted by the Due Process Clause of the Fourteenth Amendment, *see id*.; *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 413-14, 104 S. Ct. 1868 (1984), this Court must determine whether exercising personal jurisdiction here is

---

[4] Although immaterial to the issues before the Court, it bears noting that Plaintiff has filed this action against California-based healthcare providers, *i.e.*, Dr. Elist and Elist Medical, from whom he has never sought nor received treatment with respect to any matter while not pursuing any claims against Dr. Kansas, the Texas-based healthcare provider that prescribed and surgically implanted the Device.

consistent with, or violative of Defendants' federal due process rights. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918, 131 S. Ct. 2853 (2011) ("A state court's assertion of jurisdiction exposes defendants to the State's coercive power and is therefore subject to review for compatibility with the Fourteenth Amendment's Due Process Clause.") (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154 (1945)).

Exercising personal jurisdiction over a nonresident defendant is consistent with due process only when the defendant has purposefully availed itself of the benefits and protections of the forum state through minimum contacts with the forum of such sufficiency that exercising jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice. *Panda v. Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 867 (5th Cir. 2001); *Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784, 786 (5th Cir. 1990); *Int'l Shoe Co.*, 326 U.S. at 316; *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475–76, 105 S. Ct. 2174 (1985). Such minimum contacts can be established either by assertion of general or specific jurisdiction. *Mercer* 2018 WL 3218047 at *2 (citing *Panda Brandywine*, 253 F.3d at 865)). General jurisdiction—which permits a court to hear "any and all" claims against a defendant regardless of the *locus delicti*—exists only if the nonresident defendant's contacts with the state are so pervasive as to make it "essentially at home" there. *Daimler AG v. Bauman*, 571 U.S. 117, 122, 134 S. Ct. 746 (2014) (*quoting Goodyear*, 564 U.S. at 919)). By contrast, "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction," *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cty.*, 137 S. Ct. 1773, 1780 (2017) (quoting *Goodyear*, 564 U.S. at 919)), and, thus, arises only where the claims asserted "'arise out of or are related to' the defendant's forum conduct." *Id*. (quoting *Helicopteros*, 466 U.S. at 414).

Because Plaintiff has not and cannot make a *prima facia* showing of general or specific jurisdiction as to any of the Defendants, the Court should grant this motion and dismiss Plaintiff's claims against Defendants pursuant to Rule 12(b)(2). *See Mercer*, 2018 WL 3218047 at *1 (explaining that when personal jurisdiction is contested under Rule 12(b)(2), the plaintiff must make a *prima facia* showing of jurisdiction or suffer dismissal of his claims).

### 3. Plaintiff cannot establish general jurisdiction over Defendants.

The bar for establishing general jurisdiction is high and rarely met. *See Daimler*, 134 S. Ct. at 755–57 (observing that the Court has upheld general jurisdiction over a non-consenting foreign corporation only once since 1945) (citing *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 448, 72 S. Ct. 437 (1952)). To meet that bar, the plaintiff must show that the defendant's "affiliations with the [forum] State are so 'continuous and systematic' as to render [it] essentially at home" there. *Id.* at 754 (quoting *Goodyear*, 131 S. Ct. at 2851). A corporation is deemed at "home" where it is incorporated and has its principal place of business. *Id.* at 760. While general jurisdiction is not limited solely to these "paradigm" locations, a corporation will not be subject to general jurisdiction in a state merely because it "engages in a substantial, continuous, and systematic course of business" there. *Id.* at 760–61. Instead, a corporation may be subject to general jurisdiction outside the location where it is incorporated and has its principal place of business only in an "exceptional case." *Id.* at 761 n.19. This is not such an exceptional case.

As noted, Plaintiff has (correctly) alleged that IMD, Menova, and Elist Medical are California corporations and that each maintains its principal place of business in California where Dr. Elist also resides. Compl., ECF No. 4, ¶14. Plaintiff alleges no facts suggesting any direct contacts between Defendants and the State of Texas, much less any such contacts sufficient to find Defendants to be "essentially at home" in the lone star state.

### 4. Plaintiff cannot establish specific jurisdiction over Defendants.

Under "settled principles regarding specific jurisdiction," a plaintiff cannot establish specific jurisdiction over a defendant unless he demonstrates that his cause of action arises from the defendant's purposeful contacts with the forum state. *See Bristol-Myers Squibb*, 137 S. Ct. at 1780-81 1780 ("In order for a state court to exercise specific jurisdiction, the suit must aris[e] out of or relat[e] to the defendant's contacts with the forum.") (citing *Daimler*, 134 S. Ct. at 754); *see also Walden v. Fiore*, 571 U.S. 277, 284, 134 S. Ct. 1115 (2014) (holding that a defendant's relationship with the forum state must arise out of contacts that the defendant himself creates).

As noted above, Plaintiff does not allege a *single* contact between IMD, Menova, or Elist Medical and the State of Texas. And though Plaintiff claims to have accessed Dr. Elist's website while in Texas, these allegations, even if true, are *woefully* insufficient to establish specific personal jurisdiction over Dr. Elist.

When a defendant's contacts with the forum are based on the defendant's online presence, courts look to the "nature and quality of commercial activity that an entity conducts over the Internet." *Getagadet, LLC v. Jet Creations Inc.*, 2019 WL 9654858, at * 2 (W.D. Tex. Sept. 30, 2019) (citing *Mink v. AAAA Development LLC*, 190 F.3d 333, 336 (5th Cir. 1999). Although "district courts within the Fifth Circuit have often exercised personal jurisdiction over defendants whose websites enabled online purchases[,] a website that allows online sales is not, by itself, enough to create jurisdiction." *Huynh v. Zurno, Inc.*, 2019 WL 486993, at *5 (S.D. Tex. Jan. 18, 2019). "The plaintiff also must show actual contact with residents of the forum, not just the potential for sales in the forum." *Id.* (citing *Autoflex Leasing-Dallas I, LLC*, No. 3:16-CV-2589-D, 2017 WL 713667, at * 5 (N.D. Tex. Feb. 23, 2017) (in order to create jurisdiction, interactive website must have produced actual sales in the forum, not the mere possibility of sales)); *Mink*,

9

190 F.3d at 337 ("Absent a defendant doing business over the internet or sufficient interactivity with residents of the forum state, we cannot conclude that personal jurisdiction is appropriate.").

"'Moreover, as the Supreme Court has made clear, the relationship required for specific personal jurisdiction must arise out of contacts that the defendant … creates within the forum State.'" *Getagadet, LLC*, 2019 WL 9654858 at *3 (quoting *721 Bourbon, Inc. v. House of Auth, LLC*, 140 F. Supp. 3d 586, 594 (E.D. La. 2015)). Thus, "[a] transaction initiated by the plaintiff is insufficient to establish personal jurisdiction." *Id.* In *Getagadet, LLC*, for example, the court explained:

> Plaintiff alleges personal jurisdiction based on two sales within this District to Plaintiff's attorney. (citation omitted). Plaintiff fails to provide any other evidence supporting its claim that Defendant has actually, purposefully availed itself of the privileges of doing business in the State of Texas. Plaintiffs only evidence constitutes its own unilateral act of bringing Defendant's product into the forum. Without more, this evidence is insufficient to prove Defendant's "minimum contacts" with the forum. … While Plaintiff may have shown that it is possible to obtain Defendant's products in Texas, Plaintiff failed to show that any consumer, excluding itself, has done so. Thus, Plaintiff failed to meet its burden and make a *prima facie* showing of personal jurisdiction. Therefore, Defendant's motion to dismiss for lack of personal jurisdiction is **GRANTED.**

2019 WL 9654858 at *3.

The same outcome is even more warranted here. Plaintiff has alleged nothing more with respect to Dr. Elist than that Plaintiff came across his website while "browsing the internet." *See generally* Compl., ECF No. 4. ¶ 24. Plaintiff has not alleged that the website even allows for commercial transactions much less that *anybody* in Texas, including Plaintiff himself, engaged in any sort of commercial transaction via the website. To the contrary, Plaintiff alleges that the Device was prescribed for, and provided to, him by his local Texas physician. *Id.*, ¶ 32. Thus, it remains that the only alleged contact between Dr. Elist and this forum occurred when Plaintiff happened across his website. *Id.*, ¶ 24. This is simply insufficient. *See, e.g., Pervasive Software Inc. v.*

*Lexware GmbH & Co. KG*, 688 F.3d 214, 220 (5th Cir. 2012) ("The unilateral activity of [a plaintiff] who claim[s] some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State.").

In sum, Plaintiff's allegations, even if true, do not come close to establishing a *prima facie* case of specific jurisdiction over Dr. Elist nor as to IMD, Menova, or Elist Medical with respect to whom *no* forum contacts are alleged at all.

## CONCLUSION

The Court does not have personal jurisdiction over IMD, Menova, Elist Medical, or Dr. Elist because valid service of process is a prerequisite to such jurisdiction and none of these defendants have been validly served. The Court should, therefore, grant this motion and dismiss this action as to these defendants pursuant to Rule 12(b)(5). Moreover, because Plaintiff has not, and cannot, present a *prima facie* case of general or specific personal jurisdiction over these defendants, the Court should also dismiss all claims asserted against these defendants pursuant to Rule 12(b)(2).

Respectfully Submitted,

**BOWMAN AND BROOKE LLP**

By: */s/ Randall L. Christian*
    Randall L. Christian
    Federal ID No. 15935
    Texas Bar No. 00783826
    randall.christian@bowmanandbrooke.com
    Jonathan L. Smith
    Federal ID No. 3632192
    Texas Bar No. 24088436
    jonathan.smith@bowmanandbrooke.com

    2901 Via Fortuna Drive, Suite 500
    Austin, Texas 78746
    Tel: (512) 874-3800

Fax: (512) 874-3801

*Attorneys for International Medical Devices, Inc.; Menova International, Inc.; James J. Elist M.D., a Medical Corporation; and James Elist, M.D.*

## CERTIFICATE OF SERVICE

    I certify that the foregoing instrument and all attachments thereto were filed with the Clerk use the ECF system which will give notice of the filing to all counsel of record.

*/s/ Jonathan L. Smith*