**Jose M. Gonzalez, Pro Sc**
1215 Hidalgo Street #205
Laredo, TX 78040
(956) 608-1811
middlemanadvert@gmail.com

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS

JOSE M. GONZALEZ,
      *Plaintiff*,

v.

INTERNATIONAL MEDICAL DEVICES,
INC., *et al.,*
      *Defendants*.

Case No.: 1:24-cv-00982-DAE

**PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

### Introduction

Defendants argue that this Court should dismiss the complaint under Rules 12(b)(5) and 12(b)(2) due to alleged deficiencies in the service of process under Rule 4. [Doc. 17; p.1-5]. However, Plaintiff respectfully submits that this argument is moot as Plaintiff intends to file an amended complaint concurrently with this opposition to dismiss motion, not to restart the service clock, but because there is a material change necessary to the original filing. As a result, this will restart the time frame for proper service and address substantive issues in the initial complaint.

Additionally, although the Defendants assert that this Court does not have personal jurisdiction over them, [Doc. 17; p.5-11] the Plaintiff counters that the Defendants have purposefully availed themselves of the Texas market. The Defendants' own representations and marketing efforts have explicitly targeted Texas consumers, making it reasonably foreseeable that they would be subject to jurisdiction in this state.

PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS - 1

**Arguments**

**1.  Plaintiff's Argument Against Defendants' Motion to Dismiss Pursuant to Rule 12(b)(5)**

The defendants seek dismissal of the complaint under Rules 12(b)(5) and 12(b)(2), citing service of process issues under Rule 4. [Doc. 17; p.1-5]. However, the plaintiff plans to file an amended complaint along with this opposition, not to reset the service clock but to address substantial changes needed in the original filing. As a result, this will restart the service period and address core issues in the initial complaint.

**A.  Amended Complaint and Restart of Service Time**

Under Federal Rule of Civil Procedure 4, a plaintiff is required to serve the defendants with a copy of the summons and complaint within the time frames stipulated by the rule. Defendants claim that the initial service was inadequate, thereby contesting personal jurisdiction.

Plaintiff acknowledges the defendants' concerns regarding service of process. To address these concerns and to ensure compliance with procedural rules, Plaintiff, who is proceeding pro se and should be afforded some leniency in procedural matters, will file an amended complaint concurrently with this motion. This filing is necessitated by a material change to the original complaint. Filing an amended complaint restarts the time frame for service of process, as recognized in case law such as *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006), and is further supported by the Fifth Circuit's approach in Olivarez v. T-Mobile USA, Inc., No. 20-20463 (5th Cir. 2021).

In Olivarez, the court allowed the plaintiff to amend their complaint, indicating the court's recognition of the amended complaint restarting the service of process timeline.[1] This action renders Defendants' current arguments under Rules 12(b)(5) and 12(b)(2) **moot** because the amended complaint will be properly served within the new time frame, curing any alleged deficiencies in the initial service.

**B. Service by USPS**

For clarity, the Defendants were served via the United States Postal Service (USPS), with delivery confirmation showing that the service was signed for, either by the Defendants themselves or by a person over the age of 18 residing at their address. [Doc. 13; *10/28/2024* SUMMONS Returned Executed].

Notably, the Defendants do not contest having received the documents, as evidenced by their decision to obtain legal counsel, which demonstrates their awareness and acknowledgment of the litigation. Courts have held that actual notice of the lawsuit and active participation in the litigation can demonstrate that defendants are aware of the proceedings, thereby negating claims of improper service. For instance, in *Grannis v. Ordean*, 234 U.S. 385, 394 (1914), the Supreme Court stated that "the fundamental requisite of due process of law is the opportunity to be heard," and the defendants' engagement in the litigation process demonstrates their opportunity to be heard. Similarly, in *Mid-Continent Casualty Co. v. Pitner*, 42 F.3d 320, 322 (5th Cir. 1995), the

---

[1] Although the court ultimately dismissed Olivarez's claims, it recognized the procedural efforts made by the pro se plaintiff, indicating the court's acknowledgment of the amended complaint restarting the service of process timeline. See *Olivarez v. T-Mobile USA, Inc.,* No. 20-20463 (5th Cir. 2021).

PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS - 3

Fifth Circuit noted that "when a party receives actual notice and actively participates in the litigation, objections to the sufficiency of service are generally waived."

For the record, Plaintiff can provide USPS records to show that service was provided under Rule 4, specifically under Rule 4(e)(1), which allows for service pursuant to the law of the state in which the district court is located.[2] Texas law permits service by registered or certified mail with a return receipt, which constitutes valid service and Defendants argument that non-binding authority indicates that service by certified mail, must be done by an authorized person and that "no person who is a party to … suit may serve any process in that suit" (citing *Constien v. U.S.*, 628 F.3d 1207, 1215 (10th Cir. 2010) is disingenuous. Here the mail was not simply placed in a receptacle but handed to a USPS official, who then "hand delivered" the documents. As illustrated by USPS Tracking No. 9510 8119 9794 4291 8099 87, a USPS employee (*who is not a party to the case*) attested to "J Elist" signing for the documents in their presence.

### C. Waiver of Formal Service

Additionally, Defendants were provided with forms to waive formal service pursuant to Rule 4(d), yet they chose to hire an attorney instead of waiving service. This action demonstrates that Defendants were fully aware of the litigation and chose to engage legal representation rather than contest the sufficiency of service at that time. Suggesting a level of complicity in the issue they now contest.

Respectfully, the purpose of Rule 4 is to ensure that defendants are made aware of proceedings against them. *National Dev. Co. v. Triad Holding Corp.*, 930 F.2d 253, 256 (2d Cir.

---

[2] To the extent that the Defendants contend: "*Plaintiff does not have such an acknowledgment signed by Dr. Elist which further invalidates Plaintiff's purported service under California law,*" Plaintiff urges them to view "Proof of Delivery at https://tools.usps.com/go/TrackConfirmAction_input. No. 9510 8119 9794 4291 8099 87.

PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS - 4

1991). Defendants' hiring of an attorney is a clear indication that they had actual notice of the litigation. Actual notice satisfies the fundamental purpose of Rule 4, as supported by the hiring of legal counsel, indicating awareness and readiness to defend against the claims. [*Id.*; p.3].

Nevertheless, to ensure compliance, Defendants will be served by the Marshal within the proscribed time frame, unless defense counsel wishes to save judicial resources and waive service, as is his duty under Rule 4(d)(2). This option is available to streamline the process and avoid unnecessary delays. (See, generally, *Thompson v. Deutsche Bank Nat'l Tr. Co*., 775 F.3d 298, 304 (5th Cir. 2014) - "The failure to waive service may lead to the imposition of the costs of service on the defendant unless good cause for the failure is shown.")

**2. Plaintiff's Argument Against Defendants' Motion to Dismiss Pursuant to Rule 12(b)(2)**

Plaintiff asserts that this Court has personal jurisdiction over the Defendants due to their purposeful availment of the Texas market, as evidenced by their own representations and marketing efforts. The defendants have explicitly targeted Texas consumers, making it reasonably foreseeable that they would be subject to jurisdiction in this state.

**A. Purposeful Availment**

The Defendants have purposefully availed themselves of the benefits and protections of the Texas market by marketing, importing, and selling their products in Texas. Similarly, in *Prytime Medical Devices, Inc. v. Front Line Medical Technologies, Inc*., C.A. No. 6:24-cv-00001 (W.D. Tex. 2024), the court found that the defendant had purposefully availed itself of the Texas market by engaging in similar on-line activities. This online presence and engagement with the Texas market contributed to establishing personal jurisdiction in the Prytime Medical Devices, Inc. v. Front Line Medical Technologies, Inc. case.

PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS - 5

Here, Plaintiff, while browsing the internet at his residence in Webb County, Texas, encountered advertisements for the Penuma penile implant ("the Device") on a website operated by Defendant Dr. Elist. The website explicitly indicated the Device was available in Texas, evidencing Defendants' intent to engage Texas consumers. [*See* fig. 1 & 2].

 

Fig. 1                                          Fig. 2
https://www.drelist.com/areas-serve/dallas-fort-worth          https://www.drelist.com/areas-serve/houston
Last visited 11/25/2024                          Last visited 11/25/2024

As illustrated, Dr. Elist's website specifically advertises to residents in Dallas and Houston. Such targeted activities alone should demonstrate Defendants' intent to market and distribute their product within Texas. However, Dr. Elist also conducts a training course wherein he personally instructs potential implanters on the installation of the Device. [*Doc. 4; 08/28/2024*

PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS - 6

*COMPLAINT filed by Jose M. Gonzalez* p. 10 pg. 45]. Several of these trained physicians are based in Texas, and the Device is shipped and implanted by these physicians within the state.

Accordingly, as established in *Burger King Corp. v. Rudzewicz*, personal jurisdiction is appropriate where the defendant has purposefully directed activities at residents of the forum state, and the litigation arises out of those activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) ("The Court has long recognized that 'a defendant's contacts with the forum state must be such that he should reasonably anticipate being hauled into court there,' and that 'it is reasonable to subject the defendant to the burdens of litigating in the forum state.'"),

## B. Connection to Texas

Plaintiff consulted with a Texas-based urologist, Dr. Todd Bryan Kansas, M.D., who, upon relying on representations made by Defendants, prescribed and surgically implanted the Device in Texas. [*Doc*. 4; *08/28/2024* COMPLAINT filed by Jose M. Gonzalez]. This direct connection between the Defendants' conduct and the forum state satisfies the requirement for minimum contacts.

The Supreme Court of Texas makes clear that a "company" who "purposefully avail[s] itself of the Texas market by broadcasting television programs that [are] viewable in Texas and exploiting the Texas market to capitalize on those broadcasts…" has "established a sufficient connection to Texas to justify personal jurisdiction." *TV Azteca, S.A.B. de C.V. v. Ruiz*, 2015 WL 9948938 (Tex. 2015). And in the United States Supreme Court case *McGee v. International Life Insurance Co.,* 355 U.S. 220 (1957), the Court held that even a single contract delivered in the forum state was sufficient to establish jurisdiction, highlighting the importance of the connection between the defendant's activities and the forum state. Here, the Penuma implant is manufactured

outside of Texas, ordered by physicians in Texas, and implanted in Texans—in Texas. Thus, Defendants claim that this court lacks personal jurisdiction is **meritless**.

### C. Federal Jurisdiction and Interstate Commerce

Not to beat a dead horse, but the interstate journey of the Device from California to Texas invokes federal jurisdiction under the Commerce Clause of the U.S. Constitution. [U.S. Const. art. I, § 8, cl. 3 and *Gibbons v. Ogden*, 22 U.S. 1 (1824)]. The Defendants' marketing efforts, combined with the Device's travel across state lines, place this matter firmly within the regulatory framework governed by federal law. The Defendants' conduct falls under the Federal Food, Drug, and Cosmetic Act (FDCA), which supports federal jurisdiction due to the FDA's oversight.

In Riegel v. Medtronic, Inc., 552 U.S. 312 (2008), the Supreme Court confirmed that federal law preempts state law claims against manufacturers of FDA-approved medical devices, reinforcing federal jurisdiction in such cases.

### D. Texas Deceptive Trade Practices Act (DTPA)

Plaintiff's claim under the Texas Deceptive Trade Practices Act (DTPA) is validly brought in a federal court. Defendants' misleading representations on their website led Plaintiff to believe that the Device was FDA-approved and safe, causing him economic losses and personal injury. DTPA's protections apply to Texas consumers and underscores the broader applicability of the DTPA to protect consumer rights and provide a basis for federal court jurisdiction when deceptive practices cross state lines and impact Texas residents.

For example, in *Texas v. American Blastfax, Inc.,* 164 F. Supp. 2d 892 (W.D. Tex. 2001), the court found that misleading representations made to Texas consumers constituted a violation of the DTPA and provided grounds for a claim in federal court. This case underscores the

PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS - 8

applicability of the DTPA to protect Texas consumers from deceptive practices and supports the argument for federal jurisdiction based on such claims.

**Conclusion**

For the reasons stated above, Plaintiff respectfully requests that the Court deny Defendants' motion to dismiss under Rules 12(b)(5) and 12(b)(2). By filing an amended complaint due to a material change and effectuating proper service within the newly established time frame, Plaintiff will address any procedural deficiencies rendering Defendants argument regarding service—**moot**.

Additionally, the argument presented establishes that Defendants have sufficient minimum contacts with Texas, justifying the exercise of personal jurisdiction rendering the Defendants arguments to the contrary—**meritless**.

Therefore, Plaintiff seeks to proceed with this case on its merits without procedural delays, ensuring a fair and just resolution at **Jury Trial**.

November 26, 2024.

**Jose M. Gonzalez, Pro Sc**
1215 Hidalgo Street #205
Laredo, TX 78040
(956) 608-1811
middlemanadvert@gmail.com

PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS - 9

## CERTIFICATE OF SERVICE

I, Jose M. Gonzalez, Plaintiff pro se, do hereby certify that on the 26th Day of November 2024, a true and correct copy of the foregoing PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS was filed with the Clerk using the ECF system which will give notice of the filing to all counsel of record AND a hard-copy was also forwarded to, the following Registered Agents for the Defendants by United States Postal Mail Certified with Signature Requested AND WAIVER OF SERVICE FORM at the following addresses:

### Defendants:

**International Medical Devices, Inc. ("IMD")** is a California corporation located at 717 N. Maple Drive, Beverly Hills, CA 90210, in Los Angeles County. Registered agent, Jonathan Elist, at the same address.

**James J. Elist, M.D**., a Medical Corporation, is a California corporation headquartered at 8500 Wilshire Blvd., Suite 707, Beverly Hills, CA 90211. Registered agent, James J. Elist, at the same address.

**Menova International, Inc., ("Menova")** is a California corporation located at 8500 Wilshire Blvd., Suite 707, Beverly Hills, CA 90211, in Los Angeles County.

**Dr. James Elist** is an individual residing in Beverly Hills, California.
Dr. Elist; 8500 Wilshire Blvd., Suite 707, Beverly Hills, CA 90211

/s/   Jose M. Gonzalez, Pro Se
1215 Hidalgo Street #205
Laredo, TX 78040
(956) 608-1811
middlemanadvert@gmail.com

DATE: **11/26/2024**

PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS - 10