UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| JOSE M. GONZALEZ, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> INTERNATIONAL MEDICAL DEVICES, § <br> INC., *et al.*, § <br> § <br> *Defendants*. § | CASE NO. 1:24-cv-00982-DAE |

**REPLY IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS PLAINTIFF'S AMENDED CIVIL COMPLAINT**

Defendants International Medical Devices, Inc. ("IMD"), Menova International, Inc. ("Menova"), James J. Elist M.D., a Medical Corporation ("Elist Medical"), and James Elist, M.D. ("Dr. Elist") (collectively, "Defendants") file this Reply in Support of their Motion to Dismiss Plaintiff's Amended Civil Complaint ("FAC") and respectfully show:

**ARGUMENT**

**A.    Plaintiff has not made a *prima facie* case of personal jurisdiction.**

In his Response to Defendants' Motion to Dismiss the FAC, ECF No. 26,[1] Plaintiff attaches an unauthenticated transcript of a presentation he claims Dr. Elist made in 2021. Although Defendants object to the unauthenticated transcript as inadmissible evidence, even if considered, it does not establish a *prima facie* case for personal jurisdiction over any Defendant. As an initial matter, though the speaker of the transcribed content is alleged to be Dr. Elist, there is no mention of any other Defendant anywhere in the transcript. Moreover, the only relevant alleged fact Plaintiff

---

[1] Plaintiff titled this filing, "Motion to Deny Defendants' Motion to Dismiss," *see* ECF No. 26, but, as it can only be understood as a Response in Opposition to Defendants' Motion to Dismiss the FAC, Defendants refer to it as such herein.

identifies in the inadmissible transcript is that Dr. Kansas, Plaintiff's Texas based physician, is among the physicians Dr. Elist trained to perform the implantation procedure, which is also an allegation in the FAC. Thus, the Court is left solely with the allegations in the FAC which, even when assumed true, do not establish a *prima facie* case for personal jurisdiction over any one of the Defendants for the reasons stated in Defendants' Motion to Dismiss.

**B.     Plaintiff's DTPA based on the alleged misrepresentation regarding the indicated use for which it received FDA-clearance should be dismissed.**

In their Motion to Dismiss, Defendants establish that on May 13, 2022, months before Plaintiff underwent the implantation procedure, the U.S. Food and Drug Administration ("FDA") cleared IMD's "Pre-Formed Silicone Penile Block" for "cosmetic augmentation of the penis … for aesthetic purposes." ECF No. 24 at 8-9.  Plaintiff acknowledges that if the FDA did, in fact, clear the penile implant he received for this purpose, his first DTPA claim fails as a matter of fact. Plaintiff, therefore, argues that the "Pre-Formed Silicone Penile Block" he received (the "Device") was a previous iteration, *i.e.*, a previous "model," than the one FDA cleared for "cosmetic augmentation of the penis … for aesthetic purposes." Plaintiff is wrong.

Plaintiff presents the Court with 510(k) clearance notices issued by FDA. *See* ECF No. 26-2. Plaintiff argues that though (i) "Model K220760" was cleared by FDA "for cosmetic augmentation … for aesthetic purposes," (ii) he received the prevision iteration, "Model 181387," which was FDA cleared for "cosmetic correction of soft tissue deformities."  *See* ECF No. 26, Pl's Resp. at 4-6. Thus, Plaintiff argues, FDA did not clear the Device at issue "for cosmetic augmentation … for aesthetic purposes," and Defendants' alleged representations to the contrary were false. Plaintiff's argument, however, rests on the erroneous proposition that "K220760" and "K181387" represent different "models" of the Device. They do not. These numbers represent

2

different 510(k) Pre-market notification applications IMD submitted for the same "Pre-Formed Silicone Penile Block" which is clearly seen when the two are viewed side-by-side:

| K181387[2] | K220760[3] |
|---|---|
| **DEVICE DESCRIPTION** The Pre-Formed Penile Silicone Block is made from medical grade silicone with an embedded polyester mesh. The device comes in variations that include three sizes (L, XL, and XXL) and one durometer ("Soft"). Size "L" is 12 cm in length with a maximum thickness of 0.5 cm and a height of 2 cm. Size "XL" is 15 cm in length with a maximum thickness of 0.8 cm and a height of 3 cm. Size "XXL" is 18 cm in length with a maximum thickness of 1.1 cm and a height of 3.5 cm. The device is used in the cosmetic correction of soft tissue deformities in the penis, and may be trimmed to allow the surgeon to tailor the device to the needs of a specific patient. | **DEVICE DESCRIPTION** The Pre-Formed Penile Silicone Block is made from medical grade silicone with an embedded polyester mesh. The device comes in variations that include three sizes (L, XL, and XXL) and one durometer ("Soft"). Size "L" is 12 cm in length with a maximum thickness of 0.5 cm and a height of 2 cm. Size "XL" is 15 cm in length with a maximum thickness of 0.8 cm and a height of 3 cm. Size "XXL" is 18 cm in length with a maximum thickness of 1.1 cm and a height of 3.5 cm. The device is used in the cosmetic correction of soft tissue deformities in the penis, and may be trimmed to allow the surgeon to tailor the device to the needs of a specific patient. |

Indeed, as the K220760 application expressly provides:

> **COMPARISON OF TECHNOLOGICAL CHARACTERISTICS**
> The subject device has identical dimensions, design, materials, and technological characteristics as the predicate device (K181387). The subject and predicate devices

---

[2] **Request for Judicial Notice**. Pursuant to Federal Rule of Evidence 201, Defendants request that judicial notice be taken of the following facts: (i) on May January 29, 2019, FDA cleared the IMD's Pre-Formed Penile Silicone Block as (ii) describe above and (iii) "for the indications of use" set forth above. *See* ECF 26-2 at Pages 11-15, available at available at https://www.accessdata.fda.gov/cdrh_docs/pdf18/K181387.pdf. *See also U.S. ex rel. Bennett v. Medtronic, Inc.*, 747 F. Supp. 2d 745, 756 nn. 9-11 (S.D. Tex. 2010) (taking judicial notice of publicly available FDA 510(k) Clearance notices for medical devices and the contents thereof including the indicated uses for which those devices were cleared); *Rhodes v. Covidien LP*, 2019 WL 2162845, at *3, nn. 30-31 (same) (citing *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011)).

[3] **Supplemental Request for Judicial Notice**. Pursuant to Federal Rule of Evidence 201, Defendants supplement their pending request for judicial notice, *see* ECF No. 24 at n.5, to seek judicial notice that the 510(k) Summary attached to 510(k) Application K220760 contains the content set out herein. *See* ECF 24-1; ECF 26-2 at 16-21, available at https://www.accessdata.fda.gov/cdrh_docs/pdf22/K220760.pdf.

have the same intended use, as both are intended to be implanted in the penis as a space-occupying substance in cosmetic surgeries.[4]

On May 13, 2022, the FDA cleared the same device (*i.e.*, the Device) for a different indicated use, *i.e.*, "for cosmetic augmentation … for aesthetic purposes." Thus, it remains, the Device Plaintiff received was FDA-cleared for "cosmetic augmentation of the penis … for aesthetic purposes." Plaintiff's first DTPA claim fails to state a claim on which relief can be granted.[5, 6]

C.   **Plaintiff's DTPA claim based on an failure-to-warn should be dismissed.**

In their Motion to Dismiss, Defendants establish that Plaintiff has failed to state a DTPA claim based on Defendants' alleged failure to warn of various risks associated with the Device[7] because the FAC does not (i) identify the warnings IMD provided to Plaintiff's physician, Dr. Kansas, nor alleges (ii) that those warnings were inadequate or (iii) that different warnings would have altered Dr. Kansas prescription decision or led him to provide additional or different information to Plaintiff. *See* ECF No. 24, Mot. to Dismiss FAC at 9-10.  Plaintiff fails to address these shortcomings in his Response but rather raises a series of inapposite allegations that are not pleaded in FAC and based on "evidence" not properly before the Court.[8] Thus, Plaintiff's second DTPA claim fails to state a claim on which relief can be granted and should be dismissed.

---

[4] *Id*.

[5] In his Response, Plaintiff claims Defendants misrepresented that the Device was "FDA-approved," not merely FDA-cleared and that Defendants distributed unapproved medical devices, *see* ECF No. 26, Pl's Resp. at 7, but these "allegations" are not pleaded in the FAC and thus immaterial.

[6] Defendants object to the Court's consideration of ECF No. 26-3, ECF No. 26-4, and ECF No. 26-5 as none are attached to the FAC nor contain matters subject to judicial notice.

[7] The alleged risks of which Plaintiff claims Defendants failed to warn include: (i) scarring; (ii) loss of sensation; (iii) deformity including "penile shortening and disabling curvature; (iv) sexual dysfunction; and (v) other adverse consequences arising from Device removal. *See* ECF No. 24 at 9.

[8] *See supra* n. 6.

4

## CONCLUSION

The Court does not have personal jurisdiction over IMD, Menova, Elist Medical, or Dr. Elist, and Plaintiff has not and cannot present a *prima facie* case showing otherwise. The Court should, therefore, grant Defendants' motion and dismiss this action without prejudice pursuant to Rule 12(b)(2). Moreover, because (i) judicially noticeable facts demonstrate that FDA cleared the Device for use as a cosmetic enhancement of healthy penises and (ii) Plaintiff fails to allege facts sufficient to show that his injuries were caused by Defendants' alleged failure to warn of risks associated with the Device, Plaintiff has failed to state a DTPA claim on which relief can be granted. Thus, should the Court determine that it has personal jurisdiction over any or all of the Defendants, it should dismiss the FAC pursuant to Rule 12(b)(6).

Respectfully Submitted,

**BOWMAN AND BROOKE LLP**

By: */s/ Randall L. Christian*
　　Randall L. Christian
　　Federal ID No. 15935
　　Texas Bar No. 00783826
　　randall.christian@bowmanandbrooke.com
　　Jonathan L. Smith
　　Federal ID No. 3632192
　　Texas Bar No. 24088436
　　jonathan.smith@bowmanandbrooke.com

　　2901 Via Fortuna Drive, Suite 500
　　Austin, Texas 78746
　　Tel: (512) 874-3800
　　Fax: (512) 874-3801

　　*Attorneys for International Medical Devices, Inc.; Menova International, Inc.; James J. Elist M.D., a Medical Corporation; and James Elist, M.D.*

## **CERTIFICATE OF SERVICE**

      I certify that the foregoing instrument and all attachments thereto was filed with the Clerk via the ECF system which will give notice of the filing to Plaintiff, who has registered as an ECF user. I further certify that Plaintiff was also served with the foregoing instrument and all attachments thereto on March 10, 2025, by email addressed to: middlemanadvert@gmail.com.

                                              */s/ Jonathan L. Smith*
                                              Jonathan L. Smith