UNITED STATES DISTRICT COURT
**WESTERN DISTRICT OF TEXAS**

JOSE M. GONZALEZ,

    *Plaintiff,*

    v.                               Case No.: **1:24-cv-00982-DAE**

INTERNATIONAL MEDICAL DEVICES, INC., et al.,

    *Defendants.*

<u>**AFFIDAVIT OF PLAINTIFF JOSE M. GONZALEZ**</u>

STATE OF TEXAS
COUNTY OF WEBB

I, Jose M. Gonzalez, under penalty of perjury, hereby declare and affirm the following:

## I.    INTRODUCTION AND BACKGROUND

a) My name is Jose M. Gonzalez, and I am the Plaintiff in this case. I'm making this affidavit to support my response to the Defendants' Motion to Dismiss and to provide more details about my claims.

b) I first heard about the Penuma implant back in 2016 when I was shopping at a grocery store in Laredo, Texas. While waiting in line, I saw an article in GQ magazine about Dr. James Elist and the Penuma procedure. It caught my attention because it made it seem like there was finally a real, medical way to increase size.

c) Later that year, I visited the drelist.com website and filled out a short questionnaire. Not long after, I got an email from someone named Zack, who introduced himself as a "Male Enhancement Consultant" working for Dr. Elist. [See dkt# 28-2; p.3: Dec 15, 2016; ex. A].

## II.    CONNECTION TO TEXAS AND PURPOSEFUL AVAILMENT

a) Over the years, I kept researching different penile enhancement options, and in February 2022, I found a video of Dr. Elist giving a talk called "The History of Penile Enlargement and the Advent of Penuma." I watched it multiple times, and since Dr. Elist has a thick accent, I used YouTube's automatic captions to help understand it better. [See dkt# 28-3; p.3-37: Grand Rounds Transcript].

b) In the video, Dr. Elist specifically mentioned that he had trained a network of doctors across the country to perform the procedure, including Dr. Kansas in Austin, Texas. [*id*. p.22] This made it clear that Penuma wasn't just something happening in California—it was available in Texas, too.

c) <u>On February 28, 2022, I received an email from Ray, an employee of Dr. Elist's office in California, confirming that I was "eligible" for the Penuma procedure and personally setting up an appointment for me with Dr. Kansas in Austin, Texas</u>. [See dkt# 28-2; p.4: February 28, 2022; ex. B]. This illustrates that the Defendants were actively conducting business in Texas, not just passively advertising. They directed me to a Texas-based doctor they trained, coordinated my appointment, and facilitated my procedure.

III. **MISREPRESENTATION OF FDA CLEARANCE**

a) Before my surgery, I was led to believe that the Penuma device was FDA-approved for augmentation. [See dkt# 28-3; p.20: Grand Rounds Transcript]. Through both marketing materials and conversations with Defendants' representatives, I was led to believe that historically, adverse interactions with the Penuma were minimal and highly unlikely.

b) However, after experiencing complications, I contacted the FDA through their Drug and Devic Compliance Enforcement "DICE" program and was informed that the model implanted in me (K181387) was NOT approved for augmentation—only a subsequent model (no. 220760) had ever received clearance for that use. [See dkt# 26; p. 5 for the progeny of the Penuma and Himplant devices].

c) Defendants either knowingly misrepresented this fact or failed to correct it, misleading both me, providers, and other patients.

IV. **FAILURE-TO-WARN CLAIM**

a) I was never properly warned about the risks associated with the Penuma implant, including scarring, retraction, loss of sensation, high chance of deformity and separate model numbers.

b) Even Dr. Kansas was misled by Defendants. In emails I obtained, he acknowledged that he believed all Penuma models were cleared for augmentation, which was not true. [See dkt# 28-2; p.8-11; ex. D&E]. Furthermore, when Dr.

Kansas became aware of the true failure rate of the Penuma implant, he dropped out of the Penuma Network and was cut off from the Penuma device. [*id*. p. 8].

c) This is important because it shows Defendants not only misled patients but also misled doctors who were performing these surgeries and had direct control over the providers with access. [*id*. p.10-11].

## V.    INJURY AND DAMAGES

a) After a consult with Dr. Kansas, [See dkt# 28-2; p.7: April 14, 2022; ex. C], on August 2, 2022, I underwent the Penuma implantation procedure performed by Dr. Kansas in Austin, Texas.

b) After the procedure, I experienced severe complications, including swelling, retraction, loss of sensation, and deformity—all issues that were not fully disclosed or severely downplayed to me beforehand. [id. p.11].

c) I have since consulted with both Dr. Kambiz Tajkarimi ("Dr. Taj") in the DC area, and the Defendant, Dr. Elist himself. [See dkt# 28-2; p.12-14: November 18, 2024; ex. F]. Both doctors confirm that removing the implant and repairing the damage will cost at least $34,000 ($17,000 for removal and $17,000 for revision), with no guarantee that I will regain full function. This, plus travel, room and board and aftercare equates to a substantial monetary loss that pales in comparison to my physical deformity.

d) During his Grand Rounds presentation, Dr. Elist described in vivid detail the significant pain and discomfort that patients experience with the Penuma device. I have experienced what Dr. Elist characterized as "painful" for over a year—and that pain persists to this day. Rather than using this documented knowledge as a basis for product improvement or enhanced patient safety measures, Dr. Elist (and by extension, Defendants) have doubled down on their position that there is nothing amiss. In the transcript, Dr. Elist explicitly states that "*this is a cash business*," which indicates that Defendants have prioritized profit over patient outcomes. This profit-driven approach, combined with a dismissive stance toward the serious adverse effects of their product, further exacerbates the injury and damages I have suffered.

## VI.    AFFIRMATION OF FACTS

I swear under penalty of perjury that the facts stated above are true and correct to the best of my knowledge and belief.

Respectfully submitted,

**/s/ Jose M. Gonzalez**
Jose M. Gonzalez
Plaintiff, Pro Se

**Sworn to and subscribed before me on this the** _13_ **day of** _March_ **, 2025.**

_Adilia Vasquez_
Notary Public in and for the State of Texas
My Commission Expires: _08 - 23 · 2026_

ADILIA VASQUEZ
Notary Public, State of Texas
Comm. Expires 08-23-2026
Notary ID 133923566

## CERTIFICATE OF SERVICE

I, Jose M. Gonzalez, Plaintiff pro se, do hereby certify that on the 13th Day of March 2025, a true and correct copy of the foregoing and all attachments thereto were filed with the Clerk using the ECF system which will give notice of the filing to all counsel of record.

DATE: 03/13/2025

/s/ Jose M. Gonzalez, Pro Se

1215 Hidalgo Street #205

Laredo, TX 78040

(956) 608-1811

middlemanadvert@gmail.com

Affidavit of Jose M. Gonzalez