UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JOSE M. GONZALEZ, § | | |
| § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | CASE NO. 1:24-cv-00982-DAE | |
| § | | |
| INTERNATIONAL MEDICAL DEVICES, § | | |
| INC., *et al.*, § | | |
| § | | |
| *Defendants*. § | | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendants International Medical Devices, Inc. ("IMD"), Menova International, Inc. ("Menova"), James J. Elist M.D., a Medical Corporation ("Elist Medical"), and James Elist, M.D. ("Dr. Elist") (collectively, "Defendants") answer Plaintiff's Amended Complaint (the Complaint"), ECF No. 23, as follows:

In violation of Federal Rule of Civil Procedure 10(b), the Complaint is not set forth in numbered paragraphs but rather in narrative form across eleven sections. Defendants' Answer, therefore, is also divided into eleven sections which correspond to those in Plaintiff's Complaint.

**I.     Answer to the allegations in the "Introduction" section of the Complaint.**

1.     Pursuant to Federal Rule of Civil Procedure 8(b)(3), Defendants deny all allegations contained in the section of the Complaint titled, "INTRODUCTION," except those specifically admitted herein.

2.     Defendants admit that the "Penuma" is a Silicone implantable medical device cleared for commercial distribution by the U.S. Food and Drug Administration ("FDA").

3. Defendants admit that Dr. Elist has developed surgical procedures for implanting the device and has personally performed the procedures on numerous occasions including at the South Pacific Surgery Center in Beverly Hills, California.

4. Defendants admit that risks associated with the device include penile shortening and that the risk of infection is associated with all surgical procedures.

**II.     Answer to the allegations in the "Parties" section of the Complaint.**

5. Pursuant to Federal Rule of Civil Procedure 8(b)(3), Defendants deny all allegations contained in the section of the Complaint titled, "PARTIES," except those specifically admitted in herein.

6. Defendants admit that Plaintiff resides in Webb County, Texas.

7. Defendants admit that IMD is a California corporation located at 717 N. Maple Drive, Beverly Hills, CA 90210.

8. Defendants admit that Menova is a California corporation located at 8500 Wilshire Blvd., Suite 707, Beverly Hills, CA 90211.

9. Defendants admit that Elist Medical is a California corporation headquartered at 8500 Wilshire Blvd., Suite 707, Beverly Hills, CA 90211.

**III.    Answer to the allegations in the "Jurisdiction and Venue" section of the Complaint.**

10. Pursuant to Federal Rule of Civil Procedure 8(b)(3), Defendants deny all allegations contained in the section of the Complaint titled, "JURISDICTION AND VENUE," except those specifically admitted in herein.

11. Defendants admit that Plaintiff is subject to general jurisdiction in Texas.

12. Defendants admit that Dr. Elist resides in California.

13. Defendants admit that IMD, Menova, and Elist Medical are citizens of California.

**IV.  Answer to the allegations in the "Joint Enterprise Liability" section of the Complaint.**

14. Pursuant to Federal Rule of Civil Procedure 8(b)(3), Defendants deny all allegations contained in the section of the Complaint titled, "JURISDICTION AND VENUE," except those specifically admitted herein.

15. Defendants admit that, as used in the Complaint, the term "Defendants" collectively refers to Defendants.

**V.  Answer to the allegations in the "Statement of Facts" section of the Complaint.**

16. Defendants admit that Dr. Elist provided training to Dr. Kambiz Tajkarimi.

17. Defendants deny that they directed advertisements to Plaintiff's home in Webb County, Texas, to induce Webb County residents to purchase the Penuma device and undergo the implant procedure.

18. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in the section of the Complaint titled, "STATEMENT OF FACTS," and, therefore, deny them.

**VI.  Answer to the allegations in the "Allegations" section of the Complaint.**

19. Pursuant to Federal Rule of Civil Procedure 8(b)(3), Defendants deny all allegations contained in the section of the Complaint titled, "ALLEGATIONS," except those specifically admitted herein.

20. Defendants admit that National Medical Devices, Inc., was formed in 2004 and that it manufactured and distributed the Penuma.

21. Defendants admit that Dr. Elist began surgical implantations of the device after it was cleared by FDA.

22. Defendants admit that IMD was formed in 2013.

23. Defendants admit that Dr. Elist is the president of IMD.

24. Defendants admit that Jonathan Elist is the chief executive officer of IMD and that Jonathan Elist is the son of Dr. Elist.

25. Defendants admit that Menova registered a Penuma trademark with the U.S. Patent and Trademark Office.

26. Defendants admit that Menova is registered owner of the aforementioned Penuma trademark.

27. Defendants admit that Dr. Elist is the president of Menova.

28. Defendants admit that in 2017, IMD contracted a Minnesota company to distribute the Penuma.

29. Defendants admit that Dr. Elist trained all physicians that were authorized to perform Penuma implantations.

30. Defendants admit that in 2018, the Journal of Sexual Medicine published an article titled, "Complications of Genital Enlargement Surgery."

31. Defendants lack knowledge or information sufficient to form a belief regarding the allegations in the section of the Complaint titled, "ALLEGATIONS," concerning medical insurance coverage.

32. Defendants admit that Dr. Elist has performed surgical implantations on numerous occasions in Beverley Hills.

33. Defendants admit that 12 doctors were licensed and authorized to prescribe and surgically implant the Penuma.

34. Defendants admit that penile shortening, penile deformity, loss of sensation, and other complications are risks associated with the Penuma.

35. Defendants admit that Penuma is a medical device regulated under the Medical Device Amendments Act of 1976.

36. Defendants admit that under the federal regulatory scheme, there are three classes of medical devices (*i.e.*, Class I, Class II, and Class III).

37. Defendants admit the pre-market approval process for medical devices is rigorous.

38. Defendants admit that on October 25, 2004, National Medical Devices, Inc., received FDA clearance, via the 510(k) pre-market notification process, for "Silicone Block," a medical device indicated the cosmetic correction of soft tissue deformities and is contoured at the surgeon's discretion to create a custom implant to aid in the reconstruction process.

39. Defendants admit that in 2017, IMD received FDA clearance, via the 510(k) premarket notice process, for "Pre-formed Penile Silicone Block," a medical device indicated for use in the cosmetic correction of soft tissue deformities and is contoured at the surgeon's discretion to create a custom implant.

40. Defendants admit that in 2019, IMD received FDA clearance, via the 510(k) premarket notice process, for "Pre-formed Penile Silicone Block," a medical device indicated for use in the cosmetic correction of soft tissue deformities, and is contoured at the surgeon's discretion to create a custom implant.

41. Defendants admit that penile soft tissue deformities, such as Peyronie's disease, congenital micropenis, and congenital ventral curvature, are rare but serious medical conditions that can cause significant pain and other complications.

**VII.  Answer to the allegations in the "Count One" section of the Complaint.**

42. Pursuant to Federal Rule of Civil Procedure 8(b)(3), Defendants deny all allegations contained in the section of the Complaint titled, "COUNT ONE," except those specifically admitted herein.

43. Defendants admit that Plaintiff intends to assert the DTPA claim described in this section against all Defendants.

**VIII.  Answer to the allegations in the "Count Two" section of the Complaint.**

44. Pursuant to Federal Rule of Civil Procedure 8(b)(3), Defendants deny all allegations contained in the section of the Complaint titled, "COUNT TWO," except those specifically admitted herein.

45. Defendants admit that Plaintiff intends to assert the DTPA claim described in this section against all Defendants.

**IX.  Answer to the allegations in the "Count Three" section of the Complaint.**

46. Pursuant to Federal Rule of Civil Procedure 8(b)(3), Defendants deny all allegations contained in the section of the Complaint titled, "COUNT TWO," except those specifically admitted herein.

47. Defendants admit that Plaintiff intends to assert the DTPA claim described in this section against all Defendants.

48. Defendants admit that Plaintiff seeks an injunctive order.

**X.  Answer to the allegations in the "Conclusion and Prayer" section of the Complaint.**

49. Defendants deny that Plaintiff is entitled to recover damages in any amount or to injunctive relief.

50. Any allegations, averments, contentions or statements in the Complaint that are not specifically and unequivocally admitted in this Answer are denied.

## AFFIRMATIVE AND OTHER DEFENSES

In further response to the Complaint, Defendants plead the following Affirmative Defenses. By asserting these Affirmative Defenses, Defendants do not assume any burden of proof not otherwise legally assigned to them. Defendants will rely on all defenses lawfully available at the time of trial and reserve the right to amend their answer to add or otherwise state additional affirmative defenses discovered during discovery and this litigation, including defenses based on factual developments. At this time, the following affirmative defenses are asserted based on information and belief:

1. Plaintiff's claims against Defendants cannot be heard or adjudicated in this action because the Court does not have personal jurisdiction over Defendants.

2. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

3. Plaintiff's claims are barred by the applicable statute of limitations.

4. Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate damages.

5. Plaintiff's claims are barred in whole or in part because Plaintiff, in consenting to the treatment recommended by his physician(s) or other health care provider(s), expressly and voluntarily assumed the risk of injury or adverse effect associated with the medical procedures performed and/or the product at issue.

6. Plaintiff's claims are barred in whole or in part because Plaintiff assumed the risks disclosed by the labeling of the product at issue and/or by their physicians.

7. To the extent Plaintiff's claims purport to impose requirements or standards different from or in addition to requirements, standards, or obligations imposed by federal law including, but not limited to, the Federal Food, Drug and Cosmetic Act, 21 USC §§ 301 *et seq.*, and the Medical Device Amendments, 21 U.S.C. §§ 360 *et seq.*, those claims are preempted in accordance with the Supremacy Clause of the U.S. Constitution.

8. Plaintiff's claims are barred by the learned intermediary doctrine, informed intermediary, and/or sophisticated user doctrines. Alternatively, Defendants deny any liability because Plaintiff's physicians elected to use the product at issue with full knowledge of foreseeable risks.

9. Plaintiffs' claims are barred, in whole or in part, because any injuries or damages plaintiffs may have sustained were caused by unforeseeable intervening and/or superseding actions, omissions, representations, misrepresentations, negligence and/or breach of duty of other persons and entities that Defendants do not control and for whom Defendants are not liable.

10. Plaintiff's claims are barred, in whole or in part, because any injuries or damages he may have sustained were caused by unforeseeable, independent, intervening, and/or superseding events for which Defendants are not liable.

11. To the extent Plaintiff has sustained injuries or damages, such injuries and damages were caused by unforeseeable misuse, user error, abuse, abnormal use, alterations, changes, modifications, and/or improper maintenance or repairs of the product at issue for which Defendants are not liable.

12. Plaintiff's claims are barred, in whole or in part, because the injuries and damages he allegedly sustained may have resulted from pre-existing and /or unrelated medical, genetic,

and/or environmental conditions, diseases, illness, idiosyncratic reaction(s), subsequent medical conditions and/or other natural causes over which Defendants had no control.

13. Should Defendants be held liable to Plaintiffs, which liability is specifically denied, Defendants would be entitled to a set-off for the total or all amounts paid to Plaintiff by collateral sources.

14. Defendants assert as a defense Plaintiff's failure to preserve evidence and/or spoliation of evidence to the extent such failure to preserve or spoliation is shown by discovery.

15. To the extent that Plaintiff, settling persons, and/or responsible third parties, including Plaintiff's health care providers were negligent and such negligence was a proximate cause or contributed to cause the injuries in question, Defendants invoke the doctrine of comparative fault under applicable law, including Chapters 32 and 33 of the Texas Civil Practice and Remedies Code, and request a determination of percentage of responsibility among the parties, settling persons, and/or responsible third parties.

16. In the unlikely event that plaintiffs recover any damages for past medical expenses in this case, plaintiffs' recovery of past medical expenses should be limited to those amounts actually paid or incurred by or on behalf of plaintiffs pursuant to Section 41 of the Texas Civil Practice & Remedies Code and applicable law.

17. Defendants are entitled to and claim the benefit of all defenses and presumptions set forth in or arising from any rule of law or statute in Texas and/or any other law or statute that may be applicable.

18. To the extent plaintiffs failed to mitigate, minimize, or avoid any damage allegedly sustained, any resulting recovery must be reduced by the amount attributable to such failure.

19. Defendants plead and rely upon the legislative limitations on damages set forth in any and all provisions of Chapter 41 of the Texas Civil Practices and Remedies Code.

20. Defendants further plead that any award of prejudgment interest must be governed and limited by the provisions of Chapter 304, Subchapter B of the Texas Finance Code.

## JURY DEMAND

21. Defendants respectfully demand trial by jury as to all issues so triable.

**WHEREFORE, PREMISES CONSIDERED**, Defendants respectfully pray that Plaintiff takes nothing by his suit, for an award in Defendants favor of all costs and expenses incurred on Defendants' behalf, and for all further relief, at law and in equity, to which they may be entitled.

Respectfully Submitted,

**BOWMAN AND BROOKE LLP**

By: */s/ Randall L. Christian*
　　Randall L. Christian
　　Federal ID No. 15935
　　Texas Bar No. 00783826
　　randall.christian@bowmanandbrooke.com
　　Jonathan L. Smith
　　Federal ID No. 3632192
　　Texas Bar No. 24088436
　　jonathan.smith@bowmanandbrooke.com

2901 Via Fortuna Drive, Suite 500
Austin, Texas 78746
Tel: (512) 874-3800
Fax: (512) 874-3801

*Attorneys for International Medical Devices, Inc.; Menova International, Inc.; James J. Elist M.D., a Medical Corporation; and James Elist, M.D.*

## **CERTIFICATE OF SERVICE**

      I certify that the foregoing instrument was filed with the Clerk via the ECF system which will give notice of the filing to Plaintiff, who has registered as an ECF user. I further certify that Plaintiff was also served with the foregoing instrument on July 7, 2025, by email addressed to: middlemanadvert@gmail.com.

                                                    */s/ Jonathan L. Smith*
                                                    Jonathan L. Smith