UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSE M. GONZALEZ, | § | |
|     Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | NO:  1:24-cv-00982-DAE |
| INTERNATIONAL MEDICAL | § | |
| DEVICES, et. al, | § | |
|     Defendants. | § | |
| | § | |

### PLAINTIFF'S MOTION FOR CLARIFICATION REGARDING MOTION TO COMPEL AGENCY RESPONSE UNDER FOIA/TOUHY

Plaintiff Jose M. Gonzalez, appearing pro se, respectfully moves this Court for clarification regarding the proper procedure for resubmitting his Motion to Compel Agency Response Under FOIA/Touhy, previously filed at Dkt. No. 37.

1. On August 6, 2025, the Clerk entered a deficiency notice construing the prior motion as a "discovery request" subject to Federal Rule of Civil Procedure 5(d)(1) and instructing that it should not be filed on the docket except in support of a motion, for trial use, or upon Court order.

2. Following entry of the deficiency notice, Plaintiff contacted the Clerk's Office to confirm procedural options for addressing the filing issue. Plaintiff now seeks the Court's clarification on the appropriate method for presenting a renewed Motion to Compel agency compliance.

3. Plaintiff's original motion sought to compel production of records from a non-party federal agency pursuant to both FOIA and the agency's Touhy regulations, after Plaintiff submitted a written request and an escalation letter without receiving the requested materials.

1

4. Plaintiff does not seek to burden the Court with raw discovery, but rather to obtain guidance on:

    a)  whether the Court will entertain a motion to compel compliance with a Touhy/FOIA request to a federal agency; and

    b)  if so, the proper procedural mechanism and formatting to ensure the motion is considered on the merits.

    **WHEREFORE**, Plaintiff respectfully requests that the Court clarify the appropriate procedure for resubmitting his motion to compel agency compliance and grant such further relief as the Court deems just and proper.


Respectfully submitted,

Dated this 8th day of August 2025.


**Jose M. Gonzalez,** Pro Se
1215 Hidalgo Street #205
Laredo, TX 78040
(956) 608-1811
middlemanadvert@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

I, Jose M. Gonzalez, Plaintiff pro se, do hereby certify that on the 4th Day of August 2025, a true and correct copy of the foregoing:

PLAINTIFF'S MOTION FOR CLARIFICATION REGARDING MOTION TO COMPEL
AGENCY RESPONSE UNDER FOIA/TOUHY

were filed with the Clerk using the ECF system which will give notice of the filing to all counsel of record.  Furthermore, that a person(s) not listed in the ECF system have been provided a copy by United States Postal Mail Certified with Signature Requested at the following addresses:

**Defendants**: International Medical Devices, Inc. ("IMD"); Menova International, Inc., ("Menova"); James J. Elist, M.D., a Medical Corporation; and, Dr. James Elist is an individual residing in Beverly Hills, California, as being represented by:

### <u>BOWMAN AND BROOKE LLP</u>

**Randall L. Christian**
Federal ID No. 15935
Texas Bar No. 00783826
randall.christian@bowmanandbrooke.com
**Jonathan L. Smith**
Federal ID No. 3632192
Texas Bar No. 24088436
jonathan.smith@bowmanandbrooke.com

**DATE: 08/8/2025**

/s/   **Jose M. Gonzalez, Pro Se**
1215 Hidalgo Street #205
Laredo, TX 78040
(956) 608-1811
middlemanadvert@gmail.com

**Exhibit A**

Plaintiff's Motion to Compel Agency Response Under FOIA/Touhy
(Filed at Dkt. No. 37).

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSE M. GONZALEZ, | § | |
|     Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | NO:  1:24-cv-00982-DAE |
| INTERNATIONAL MEDICAL | § | |
| DEVICES, et. al, | § | |
|     Defendants. | § | |
| | § | |

<u>PLAINTIFF'S MOTION TO COMPEL AGENCY RESPONSE UNDER FOIA</u>

Plaintiff JOSE M. GONZALEZ respectfully moves this Court for an order compelling the U.S. Food and Drug Administration (FDA) to comply with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, by responding to Plaintiff's request for agency records that are central to the claims at issue in this civil matter.

## I. BACKGROUND

On or about February 13, 2025, Plaintiff submitted a written advisory opinion request to the FDA, seeking clarification and documentation related to the 510(k) premarket clearance process for the Penuma device, including submissions K181387 and K220760. The request (see Ex. B) sought, among other things, correspondence, warnings, or disclaimers provided by regulatory consultant Dr. Allison Komiyama or her firm, regarding off-label promotion for cosmetic use in the absence of medical deformity.

Proof of mailing and delivery confirmation were preserved (see Ex. C). On March 21, 2025, the FDA acknowledged receipt and assigned Control No. 2025-2639 (see Ex. D). On July 21, 2025, Plaintiff transmitted a final demand (see Ex. E). As of the date of this filing, no records,

5

advisory opinion, or determination has been issued—now more than 120 days since acknowledgment.

## II. ARGUMENT

FOIA mandates that federal agencies respond to public record requests "*within 20 working days... except in unusual circumstances.*" 5 U.S.C. § 552(a)(6)(A)(i). When no determination is made within that timeframe, the requester is "*deemed to have exhausted administrative remedies.*" Id. § 552(a)(6)(C).

The FDA's continued inaction violates both the letter and intent of FOIA. Moreover, the documents sought are not peripheral to this litigation—they go directly to whether the Defendants fraudulently misrepresented FDA clearance to justify implanting a medical device that caused Plaintiff ongoing physical harm.

## III. REQUEST FOR RELIEF

Plaintiff respectfully requests that the Court:

- Order the FDA to provide a complete response to Plaintiff's FOIA request within 14 days of the Court's order;
- Award attorneys' fees and costs under 5 U.S.C. § 552(a)(4)(E) if appropriate (pro se Plaintiff reserves this claim);
- Grant any further relief the Court deems just and proper.

Respectfully submitted,

Dated this 4th day of August 2025.

**Jose M. Gonzalez,** Pro Se
1215 Hidalgo Street #205
Laredo, TX 78040
(956) 608-1811
middlemanadvert@gmail.com

### CERTIFICATE OF SERVICE

I, Jose M. Gonzalez, Plaintiff pro se, do hereby certify that on the 4th Day of August 2025, a true and correct copy of the foregoing: PLAINTIFF'S MOTION TO COMPEL AGENCY RESPONSE UNDER FOIA were filed with the Clerk using the ECF system which will give notice of the filing to all counsel of record.  Furthermore, that a person(s) not listed in the ECF system have been provided a copy by United States Postal Mail Certified with Signature Requested at the following addresses:

**Defendants**: International Medical Devices, Inc. ("IMD"); Menova International, Inc., ("Menova"); James J. Elist, M.D., a Medical Corporation; and, Dr. James Elist is an individual residing in Beverly Hills, California, as being represented by:

### BOWMAN AND BROOKE LLP

**Randall L. Christian**
Federal ID No. 15935
Texas Bar No. 00783826
randall.christian@bowmanandbrooke.com
**Jonathan L. Smith**
Federal ID No. 3632192
Texas Bar No. 24088436
jonathan.smith@bowmanandbrooke.com

**Sarah B. Kotler, J.D.**
Director, Division of Headquarters Freedom of Information
U.S. Food & Drug Administration
Email: mailto:Sarah.Kotler@fda.hhs.gov

**DATE: 08/4/2025**

**/s/  Jose M. Gonzalez, Pro Se**
1215 Hidalgo Street #205
Laredo, TX 78040
(956) 608-1811
middlemanadvert@gmail.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSE M. GONZALEZ, | § | |
|     Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | NO:  1:24-cv-00982-DAE |
| INTERNATIONAL MEDICAL | § | |
| DEVICES, et. al, | § | |
|     Defendants. | § | |
| | § | |

ORDER GRANTING PLAINTIFF'S MOTION
 TO COMPEL AGENCY RESPONSE

Before the Court is Plaintiff's Motion to Compel Agency Response under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. Having reviewed the motion, the pleadings, and applicable law, the Court finds that good cause exists to grant the motion.

**IT IS THEREFORE ORDERED** that the United States Food and Drug Administration (FDA) shall issue a complete and final response to Plaintiff's FOIA request submitted on or about March 15, 2025, within fourteen (14) days of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall retain the right to seek additional relief, including costs and fees under 5 U.S.C. § 552(a)(4)(E), should compliance not be timely made.

SIGNED this ____ day of _____, 2025.

**DAVID A. EZRA**
SENIOR UNITED STATES DISTRICT JUDGE

8

# Exhibit A

---

Affidavit of Jose M. Gonzalez – Executed on August 4, 2025.

<u>AFFIDAVIT OF JOSE M. GONZALEZ</u>

I, Jose M. Gonzalez, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am the Plaintiff in the above-captioned matter and make this declaration in support of my Motion to Compel Agency Action under the Freedom of Information Act ("FOIA") and the Administrative Procedure Act ("APA").

2. On or about February 13, 2025, I sent a written request for an advisory opinion to the U.S. Food & Drug Administration ("FDA"), seeking formal clarification and guidance concerning the regulatory status of specific 510(k) submissions for the Penuma medical device. A true and correct copy of that request is attached as Exhibit B.

3. The request sought clarification of whether clearance of a newer model (510(k) No. K220760) for cosmetic use could retroactively apply to earlier models (e.g., K181387), particularly where such models were marketed for penile augmentation in patients with no medical deformity. I also requested any warnings, disclaimers, or advisories provided by Dr. Allison Komiyama or AcKnowledge Regulatory Strategies to Dr. James Elist or his affiliated entities. This request was made as part of my ongoing federal civil litigation involving the Penuma device.

4. That written request was transmitted by certified mail with confirmation of delivery. Copies of the delivery confirmation and mail receipt are attached as Exhibit C.

5. On or about March 21, 2025, I received a written acknowledgment from the FDA, confirming receipt of my advisory opinion request and assigning it Control No. 2025-2639. A true and correct copy of that acknowledgment is attached as Exhibit D.

6. As of the date of this affidavit, more than 120 days have passed since the FDA received my request. I have received no documents, no advisory opinion, no interim reply, and no written exemption or extension notice under FOIA.

7. On July 21, 2025, I issued a final written demand to the FDA's FOIA division, reiterating my request and formally notifying the agency of my intent to seek judicial intervention if no timely response was received. A true and correct copy of that demand letter is attached as Exhibit E.

8. I affirm that all facts stated herein are true and based on my personal knowledge.

Executed on this 4th day of August 2025, in Laredo, Texas.

/s/ Jose M. Gonzalez
1215 Hidalgo Street, Suite 205
Laredo, TX 78040

# Exhibit B

---

FOIA Request to the FDA by Jose M. Gonzalez – February 6, 2025.

**To:** U.S. Food and Drug Administration

**From:** Jose M. Gonzalez

**Date:** February 6, 2025

**Re:** Request for Advisory Opinion Regarding the Interpretation of "Substantial Equivalence" and Retroactive Application of Premarket Clearance

## I. Introduction

I am Jose M. Gonzalez, the Plaintiff in a civil action against International Medical Devices, Inc. ("IMD"), Menova International, Inc. ("Menova"), James J. Elist, M.D., a Medical Corporation ("Elist Medical"), and James Elist, M.D. ("Dr. Elist") (collectively, "Defendants") in the United States District Court for the Western District of Texas (Case No. 1:24-cv-00982). This request pertains to a critical issue of regulatory interpretation central to the resolution of this litigation. As such I respectfully request an advisory opinion from the Food and Drug Administration (FDA) regarding the application of "*substantial equivalence*" determinations under the Federal Food, Drug, and Cosmetic Act (FDCA) to premarket cleared medical devices.

## II. Question Presented

Does the FDA clearance of a medical device model (Model B) as "substantially equivalent" to a previously cleared model (Model A) retroactively validate the marketing and use of Model A for indications (uses) that were *not* included in Model A's original FDA clearance, simply because Model B is cleared for those additional indications?

## III. Factual Background

Plaintiff Gonzalez received an implantation of the "Pre-Formed Penile Silicone Block" (the "Device") manufactured and marketed by Defendants. The specific model of the Device implanted in Mr. Gonzalez was an earlier iteration (hereinafter referred to as "Model A"). Model A received original FDA 510(k) clearance for specific indications, namely "use in the cosmetic correction of soft tissue deformities."

Subsequently, Defendants obtained 510(k) clearance for a newer iteration of the Device (hereinafter referred to as "Model B"). Model B's clearance included additional indications for use, including "augmentation" procedures.

Defendants have marketed and advertised Model A, the older device implanted in Mr. Gonzalez, for uses that fall *outside* the scope of its original FDA clearance, specifically for cosmetic penile augmentation. Plaintiff alleges that these marketing claims are misleading and deceptive, as Model A was *not* cleared for such use at the time of his implantation. <u>Defendants contend that the subsequent clearance of Model B for augmentation retroactively validates the prior marketing and use of Model A for such procedures.</u>

## IV. Legal and Regulatory Framework

This request concerns the interpretation and application of the FDCA, specifically sections related to premarket clearance of medical devices via the 510(k) process (21 U.S.C. § 360(k)). The regulations defining "substantial equivalence" (21 CFR Part 807) are also directly relevant to this inquiry. An understanding of how the FDA interprets "substantial equivalence" in the context of modifications to cleared devices, and whether such a determination has retroactive effect on previously cleared devices, is crucial to resolving the legal issues in the underlying litigation.

## V. Argument and Rationale

Plaintiff Gonzalez argues that the FDA clearance of Model B for augmentation does *not* retroactively validate the marketing and use of Model A for augmentation. The 510(k) process is designed to ensure the safety and effectiveness of medical devices for *specific* intended uses. Allowing a subsequent clearance to retroactively apply to a prior device for unapproved uses would undermine the integrity of the premarket clearance process and potentially expose patients to harm from devices that were never properly evaluated for those uses.

The question of whether substantial equivalence grants retroactive privileges is a matter of significant public health importance. A clear advisory opinion from the FDA will provide crucial guidance to both the courts and the medical device industry.

## VI. Request for Advisory Opinion

Plaintiff Gonzalez respectfully requests that the FDA issue a formal advisory opinion addressing the question presented in Section II of this request. This opinion will be instrumental in the just and proper resolution of the pending litigation and will provide clarity on a critical issue of medical device regulation.

## VII. Conclusion

The plaintiff appreciates the FDA's consideration of this request and believes that an advisory opinion on this matter will serve the interests of justice and promote public health.

-Jose M. Gonzalez

**/s/  Jose M. Gonzalez, Pro Se**

1215 Hidalgo Street #205

Laredo, TX 78040

(956) 608-1811

middlemanadvert@gmail.com

# Exhibit C

---

Certified Mail Receipts to the FDA by Jose M. Gonzalez – February 13, 2025







# Exhibit D

---

FDA Acknowledgement Letter (in re: 2025-2639) – March 21, 2025



March 21, 2025

In Reply refer to
FOIA Control #:
2025-2639

JOSE M GONZALEZ

1215 HIDALGO ST
205
LAREDO TX 78040-5756 US

Requester reference:

Dear Requester:

The Food and Drug Administration (FDA) has received your Freedom of Information Act (FOIA) request for records regarding:

See attached Federal Court Order.

In processing your FOIA request, FDA will apply, as appropriate, the FOIA exemptions in 5 USC 552(b) and the foreseeable harm standard in 5 USC 552(a)(8)(i). We will respond as soon as possible and may charge you a fee for processing your request. If your informational needs change, and you no longer need the requested records, please contact us to cancel your request, as charges may be incurred once processing of your request has begun. For more information on processing fees, please see http://www.fda.gov/RegulatoryInformation/FOI/FOIAFees/default.htm.

Due to an increase in the number of incoming requests, we may be unable to comply with the twenty-working-day time limit in this case, as well as the ten additional days provided by the FOIA. The actual processing time will depend on the complexity of your request and whether sensitive records, voluminous records, extensive search, and/or consultation with other HHS components or other executive branch agencies are involved. Please note that requests for medical device approval records (e.g. 510K, PMA, DEN) may take up to 18 to 24 months to process.

If you have any questions about your request, please call Sarah B. Kotler,  Director, Division Of Freedom Of Information, at (301) 796-8976 or write to us at:
Food and Drug Administration
Division of Freedom of Information
5630 Fishers Lane, Room 1035
Rockville, MD 20857

If you call or write, use the FOIA control number provided above which will help us to answer your questions more quickly.

You also have the right to seek dispute resolution services from:

Office of Government Information Services          and/or          FDA FOIA Public Liaison
National Archives and Administration                                        Office of the Executive Secretariat
8601 Adelphi Road – OGIS                                                        US Food and Drug Administration
College Park, MD 20740-6001                                                    5630 Fishers Lane, Room 1050
Telephone:202-741-5770                                                             Rockville, MD 20857
Toll-Free: 1-877-684-6448                                                          Email: FDAFOIA@fda.hhs.gov
Email:ogis@nara.gov
Fax: 202-741-5769

Sincerely,

SARAH KOTLER
Director

# Exhibit E

---

Escalation Letter to the FDA – July 21, 2025

**July 21, 2025**

**Jose M. Gonzalez**
1215 Hidalgo St., Suite 205
Laredo, TX 78040
Email: middlemanadvert@gmail.com

**VIA CERTIFIED MAIL AND EMAIL**

Sarah B. Kotler, Director
Division of Freedom of Information
U.S. Food and Drug Administration
5630 Fishers Lane, Room 1035
Rockville, MD 20857
FDAFOIA@fda.hhs.gov

**RE: Final FOIA Demand – Control No. 2025-2639 – Formal Notice of Intent to File Suit**

Dear Director Kotler:

I am writing to demand final resolution of my Freedom of Information Act request (Control No. 2025-2639), originally submitted via certified mail on **February 13, 2025,** to three FDA regional offices:

- **Irvine, CA** (19701 Fairchild, Suite 300)

- **Dallas, TX** (4040 North Central Expressway, Ste. 300)

- **Silver Spring, MD** (10903 New Hampshire Avenue)

This request sought documents and correspondence related to:

- The 510(k) premarket notifications for the device marketed under the name **Penuma**, specifically filings **K132991, K171000, and K191621**;

- Internal FDA records, memoranda, emails, reviewer notes, and/or other documents discussing the device's classification, labeling, indications, and clearance history;

- Any correspondence involving **Dr. James Elist**, **International Medical Devices**, **Menova International**, or FDA consultant **Dr. Allison Komiyama** relating to the above submissions;

- Communications or internal analysis regarding post-market concerns, misbranding, mislabeling, or unauthorized promotional claims concerning the device or its indication.

On March 21, 2025, I received an acknowledgment of my request from your office. However, no determination, production, denial, or exemption justification has been issued in the four months since that acknowledgment—far exceeding the twenty-business-day statutory limit under 5 U.S.C. § 552(a)(6)(A).

As of the date of this letter, I consider the agency to be in constructive denial of my FOIA request. The delay violates the Freedom of Information Act and undermines my right to timely access of records critical to a pending federal civil action.

---

## ⚠ FINAL DEMAND

I hereby demand that the FDA issue a final determination within **10 calendar days** of receipt of this letter. This determination must include either:

1. A complete production of all responsive documents; or

2. A denial accompanied by a **Vaughn Index** and citation to specific FOIA exemptions claimed under **5 U.S.C. § 552(b)**.

If no such action is taken, I will initiate suit in the U.S. District Court for the District of Columbia under 5 U.S.C. § 552(a)(4)(B) without further notice.

Enclosed are certified mail receipts dated February 13, 2025, establishing proper submission and service. This letter will also be forwarded to the DOJ Office of Information Policy and the Office of Government Information Services for record.

Sincerely,
**Jose M. Gonzalez**
Plaintiff, pro se