UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS – AUSTIN DIVISION

Jose M. Gonzalez,
Plaintiff,

v.  Case No. 1:24-cv-00982-DAE

International Medical Devices, Inc., Menova International, Inc.,
James J. Elist, M.D., a Medical Corporation, and James J. Elist (individual),
Defendants.

**PLAINTIFF'S RULE 37 MOTION TO COMPEL
PRODUCTION OF EMAILS AND COMMUNICATIONS**

**I. INTRODUCTION**

Defendants IMD, Menova, and Dr. James Elist have produced fewer than 80 pages in discovery. Troublingly, not a single email was produced from any of the three defendants. That is facially implausible. Discovery materials already in the record reference multiple communications between Kansas ↔ IMD, Kansas ↔ Dr. Elist, Jose ↔ IMD / Dr. Elist, and Komiyama / RQM+ ↔ IMD and Dr. Elist. These references prove communications exist. The Court already denied dismissal on the basis of Plaintiff's allegations of misrepresentation and failure to disclose, noting factual disputes that necessarily turn on these communications. Zero emails across two corporations and a physician undercuts Rule 26(g) obligations and cannot stand.

Mediation has now been completed pursuant to the Court's Scheduling Order (Dkt. 35). No settlement was reached, and the December 31, 2025 discovery cutoff is approaching. Absent email production, Plaintiff cannot prepare depositions or expert designations within the deadlines set by this Court.

1

## II. LEGAL STANDARD

- Rule 26(b)(1): Discovery covers all relevant, non-privileged matters proportional to the case.

- Rule 34(b)(2): Parties must produce responsive ESI and specify scope of any withholding.

- Rule 37(a)(3)(B): A motion to compel is proper when a party fails to produce requested documents.

- Rule 37(a)(5): Fees are mandatory if a motion is granted absent substantial justification.

## III. ARGUMENT

A. Communications are central.

This case hinges on what Defendants said and wrote about intended use, risks, and training. Emails are the core evidence.

B. The "zero emails" production is implausible.

Defendants admit operating a nationwide physician network, training Kansas, and marketing directly via staff like "Ray." Business cannot be conducted without emails.

C. Court findings already make these communications indispensable.

In denying Defendants' motion to dismiss, this Court specifically found that Plaintiff had sufficiently alleged misrepresentation regarding whether the device was FDA-cleared for augmentation, and that Dr. Elist personally trained, Texas-based, Dr. Kansas. (Doc. 30, pp. 6, 15–16, 17–18). The Court further noted allegations that the Penuma was shipped into Texas under Defendants' controlled

2

network. (Doc. 30, pp. 12–13). These findings confirm that Defendants' communications with Kansas, the FDA, consultants, and internal marketing staff are squarely relevant and cannot be withheld.

The Court accepted allegations as true that Defendants shipped Penuma into Texas, trained Kansas, and marketed enlargement despite limited clearance. Discovery must test those allegations.

Moreover, non-party witness Dr. Allison Komiyama has provided a sworn statement that RQM+ seized and holds the entirety of IMD/Elist/Menova's regulatory files. This further undermines any claim that Defendants have "no responsive documents."

D. Remedy required.

Defendants must disclose custodians, run ESI searches, and produce responsive emails. Without judicial intervention, Plaintiff cannot fairly prosecute this case.

## IV. RELIEF REQUESTED

Fed. R. Civ. P. 26(g)(1) requires counsel to certify that discovery responses are complete and correct after a reasonable inquiry. A sworn certification is appropriate here to prevent further evasive or incomplete responses. Accordingly, Plaintiff respectfully requests the Court order Defendants IMD, Menova, and Dr. Elist to:

1. Within 7 days, disclose custodians, data sources, date ranges, and search terms used or to be used.

2. Within 14 days, produce responsive, non-privileged communications (emails, attachments, messages, shared-drive docs) from Jan. 1, 2019–present, including but not limited to:

- Communications with Dr. Kansas;

- Communications with Plaintiff (including via "Ray");

- Communications with Komiyama / RQM+;

- Internal emails on clearance, marketing, complaints, adverse events, or July 2022 Texas shipments.

- Provide a Rule 26(g) certification, sworn by counsel of record, that all reasonable efforts to locate and produce responsive ESI have been undertaken.

3. Provide privilege logs compliant with Rule 26(b)(5).

4. Award Plaintiff his reasonable expenses incurred in bringing this motion, pursuant to Fed. R. Civ. P. 37(a)(5), with the amount to be determined upon submission of a cost statement.

## V. CERTIFICATE OF CONFERENCE

On September 23, 2025, Plaintiff sent defense counsel a detailed email identifying the absence of any emails in Defendants' production, citing specific categories of missing communications, and demanding disclosure of custodians, search parameters, and supplementation. Defendants did not provide additional production or assurances. Despite this effort, no resolution was reached.

## VI. CONCLUSION

The absence of any emails across two corporations and one physician is not credible. The Court should compel immediate, transparent ESI collection and production, and award fees.

Respectfully submitted,

                                                                                     Jose M. Gonzalez

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS – AUSTIN DIVISION

Jose M. Gonzalez,
Plaintiff,

v.   Case No. 1:24-cv-00982-DAE

International Medical Devices, Inc., Menova International, Inc.,
James J. Elist, M.D., a Medical Corporation, and James J. Elist (individual),
Defendants.

### [PROPOSED] ORDER

IT IS ORDERED that Plaintiff's Motion to Compel is GRANTED. Defendants IMD, Menova, and Dr. James Elist shall:

1. Within 7 days, disclose ESI custodians and search parameters;

2. Within 14 days, produce responsive emails and communications as specified;

3. Provide privilege logs;

4. Provide a Rule 26(g) certification, sworn by counsel of record, that all reasonable efforts to locate and produce responsive ESI have been undertaken;

5. Pay Plaintiff's reasonable expenses under Fed. R. Civ. P. 37(a)(5).

**SO ORDERED.**

Dated: _____, 2025

_____

Hon. David A. Ezra

United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2025, I served the foregoing Plaintiff's Rule 37 Motion to Compel Production of Emails and Communications, together with the attached [Proposed] Order, on counsel for Defendants via the Court's CM/ECF electronic filing system, which will notify all registered users.

Respectfully submitted,

Jose M. Gonzalez
Pro Se Plaintiff
1215 Hidalgo St., Suite 205
Laredo, TX 78040
middlemanadvert@gmail.com | 956-608-1811