UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| JOSE M. GONZALEZ, <br><br> *Plaintiff*, <br><br> v. <br><br> INTERNATIONAL MEDICAL DEVICES, INC., *et al.*, <br><br> *Defendants*. | § <br> § <br> § <br> § <br> § CASE NO. 1:24-cv-00982-DAE <br> § <br> § <br> § (**ORAL ARGUMENT REQUESTED**) <br> § <br> § |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S RULE 37 MOTION TO COMPEL PRODUCTION OF EMAILS AND COMMUNICATIONS

Defendants International Medical Devices, Inc. ("IMD"), Menova, Inc. ("Menova"), and James Elist, M.D. ("Dr. Elist") (collectively, "Defendants") respectfully request that Plaintiff's Rule 37 Motion to Compel Production of Emails and Communications (the "Motion" or "Motion to Compel"), ECF No. 48, be denied for the reasons stated herein.

### INTRODUCTION

On September 12, 2025, Defendants timely served 239 pages in response to sixty-nine requests for production ("RFP(s)") propounded by Plaintiff. On September 23, 2025, Plaintiff sent an email to Defendants' undersigned counsel (i) claiming that Defendants' responses were inadequate because no "emails" were included in their respective production sets and (ii) demanding that Defendants "immediately" supplement their production with "all responsive communications." *See* Exhibit A. Six days later, on September 30, 2025, the parties engaged in court-ordered mediation, and the following day, October 1, 2025, with no further communication whatsoever, Plaintiff filed the Motion to Compel at issue here which should be denied for the reasons stated herein.

1

32689557v1

ARGUMENT

"After a party has attempted in good faith to obtain discovery without court action, that party may move for an order compelling disclosure or discovery." *Mason v. Covert Auto, Inc.*, 2022 WL 9596864, at *1 (W.D. Tex. Sept. 8, 2022) (citing Fed. R. Civ. P. 37(a)(1)). In deciding a motion to compel under Rule 37, "[t]he Court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party." *Id.* (quoting *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003)).

Here, Plaintiff's Motion to Compel must be denied because Plaintiff did not make a good faith attempt to obtain the requested discovery before seeking Court intervention. And, in any event, Plaintiff's Motion to Compel fails to provide the Court with the information necessary to determine if Defendants have complied with their discovery obligations such that Plaintiff is entitled to the relief sought.

### A. Plaintiff did not make a good faith attempt to resolve this discovery dispute before moving to compel production of the sought after discovery.

Defendants respectfully contend that Plaintiff's provision of a mere seven days between emailing his *first and only* attempt to confer regarding Defendants' allegedly inadequate discovery responses and filing his Motion to Compel falls short of a good faith effort to resolve the matter without Court intervention. Defendants simply did not understand, nor were they informed, that Plaintiff expected resolution within seven days. And, even if such urgency were communicated, it still would have been unreasonable considering the parties were busily preparing for and engaging in mediation in the same seven-day period.

**B. Plaintiff has not established his right to the relief sought nor does his Motion comply with Local Rule CV-26(a).**

To establish his right to the discovery and expenses sought, Plaintiff must direct the Court to the RFP(s) he claims Defendants failed to satisfy. *See* Rule 37(a)(3)(B)(iv). Plaintiff does not do so, nor does he attach to his Motion the "dispute[d]" RFPs and Defendants' responses and objections thereto as expressly required by Local Rule CV-26(a). As such, the Court cannot determine what, if anything, was requested under Rule 34 or whether Defendants' objections and responses to those requests are sufficient. Moreover, Plaintiff's deficiency notice, *i.e.* Exhibit A, suffered from these same inadequacies. As such, Defendants were no more able to determine which of their discovery responses they were being asked to supplement than they are presently able to determine which responses they are now called to defend.

## Conclusion

Undersigned believes that he and Plaintiff have developed a respectful and productive working relationship and that, given the opportunity, the parties can work together to determine: (i) what discovery Plaintiff seeks; (ii) whether he has actually requested it under Rule 34; and (iii) whether it is "relevant to any party's claim or defense and proportional to the needs of the case." *See Mason v. Covert Auto, Inc.*, 2022 WL 9596864, at * (W.D. Tex. Sept. 8, 2022) (quoting *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011)). Defendants, therefore, respectfully request that Plaintiff withdraw his Motion to Compel so that he and Defendants can confer in good faith to resolve Plaintiff's concerns. If a resolution cannot be reached, Plaintiff can, of course, move at that time to compel responses to ***actual*** discovery requests, and the Court can determine whether Defendants have violated or satisfied their discovery obligations with respect to the same.

But should Plaintiff elect to proceed with this present Motion to Compel, Defendants request that it be denied for the reasons stated herein and that Plaintiff be ordered to pay Defendants the reasonable expenses they have and will incur in opposing the Motion, including attorney's fees. *See* Fed. R. Civ. P. 37(a)(5)(B).

Respectfully Submitted,

**BOWMAN AND BROOKE LLP**

By: */s/ Jonathan L. Smith*
Randall L. Christian
Federal ID No. 15935
Texas Bar No. 00783826
randall.christian@bowmanandbrooke.com
Jonathan L. Smith
Federal ID No. 3632192
Texas Bar No. 24088436
jonathan.smith@bowmanandbrooke.com

2901 Via Fortuna Drive, Suite 500
Austin, Texas 78746
Tel: (512) 874-3800
Fax: (512) 874-3801

*Attorneys for Defendants*

### CERTIFICATE OF SERVICE

I certify that the foregoing instrument and all attachments thereto was filed with the Clerk via the ECF system which will give notice of the filing to Plaintiff, who has registered as an ECF user. I further certify that Plaintiff was also served with the foregoing instrument and all attachments thereto on October 8, 2025, by email addressed to: middlemanadvert@gmail.com.

*/s/ Jonathan L. Smith*
Jonathan L. Smith

32689557v1