## Jon Smith

| | |
|---|---|
| **From:** | middle - man - Advertising <middlemanadvert@gmail.com> |
| **Sent:** | Tuesday, September 23, 2025 11:14 AM |
| **To:** | Jon Smith |
| **Cc:** | Randall Christian; Melinda Mauro |
| **Subject:** | Gonzalez v. IMD — Deficient Discovery Responses (Emails and Communications) |
| **Attachments:** | Rule37_Motion_to_Compel.pdf |

Counsel,

Plaintiff must object to Defendants' deficient discovery responses. Despite this being a case driven by communications and representations, Defendants' combined production totals fewer than 80 pages and contains not a single email correspondence for any of the corporate entities (IMD, Menova) or Dr. Elist individually.

This is untenable. Multiple records already in evidence establish that such communications exist:

- Kansas ↔ IMD — purchase orders, distribution agreements, and Kansas's later resignation all reference direct communications.

- Kansas ↔ Dr. Elist — Court already credited Plaintiff's allegation that Kansas was trained by Elist personally.

- Jose ↔ IMD / Dr. Elist — Plaintiff's intake and referrals were handled directly through IMD's Beverly Hills office (via "Ray").

- Komiyama ↔ IMD / Elist — sworn statement confirms RQM+/Komiyama had custody of IMD/Elist files.

Given these references, the absence of any emails in Defendants' production is not credible. Courts routinely hold that corporate defendants have an obligation to collect and produce relevant ESI, including communications from officers, employees, and agents. The suggestion that IMD, Menova, and Dr. Elist operated for years without generating responsive emails strains belief.

Demand for Cure:
Plaintiff demands that Defendants immediately:

1. Confirm whether any email search was performed across IMD, Menova, and Dr. Elist accounts;

2. Identify custodians searched and search parameters used;

3. Supplement with all responsive communications between:

    o   IMD/Menova/Elist and Dr. Kansas,

    o   IMD/Menova/Elist and Plaintiff (including via "Ray"),

1

<span style="color:red">Exhibit A to Response to Motion to Compel</span>

- IMD/Menova/Elist and Allison Komiyama / RQM+, and
- any internal discussions concerning Plaintiff's surgery, complications, or FDA clearance.

Absent supplementation, Plaintiff will have no choice but to move to compel under Rule 37, including request for fees and possible spoliation relief.

Respectfully,
Jose M. Gonzalez
Pro Se Plaintiff

Exhibit A to Response to Motion to Compel