# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **Jose M. Gonzalez,** *Plaintiff* § § § | |
| **v.** § § | |
| **International Medical Devices, Inc., Menova International, Inc., James J. Elist M.D.,** *a Medical Corporation*, **and James Elist M.D.,** *Defendants* § § § § § | Case No. 1:24-CV-00982-DAE |

## ORDER

Now before the Court are Plaintiff's Motion for Clarification Regarding Motion to Compel Agency Response under FOIA/Touhy, filed August 8, 2025 (Dkt. 40); Plaintiff's Rule 37 Motion to Compel Production of Emails and Communications, filed October 1, 2025 (Dkt. 48); and the associated response and reply briefs.[1]

## I. Background

Plaintiff Jose Gonzalez, proceeding *pro se*, brings this product liability suit against Defendants International Medical Devices, Inc.; Menova International, Inc.; James J. Elist M.D., a Medical Corporation; and Dr. James Elist. Amended Complaint, Dkt. 23. Gonzalez, who alleges that he has suffered complications since he had Defendants' penile enlargement device implanted, asserts causes of action under the Texas Deceptive Trade Practices Act and the Texas Consumer Protection Act. *Id.* at 19-24.

Gonzalez filed a Motion to Compel Agency Response under FOIA seeking an order compelling the Food and Drug Administration ("FDA") to comply with the Freedom of

---

[1] By Text Orders issued August 11, 2025 and October 2, 2025, the District Court referred the motions to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

Information Act "by responding to Plaintiff's request for agency records that are central to the claims at issue in this civil matter." Dkt. 37 at 1. The District Court construed the motion as an improper "discovery request which should be requested with the party/agency" and struck it from the record. Gonzalez then filed this Motion for Clarification seeking "the appropriate procedure for resubmitting his motion to compel agency compliance." Dkt. 40 at 2. He also asks the Court to compel Defendants to produce emails responsive to his requests for production. Dkt. 48.

## II. Analysis

### A. Motion for Clarification

The Court grants Plaintiff's motion for clarification (Dkt. 40) and explains that federal courts have jurisdiction to hear challenges to FOIA decisions, but only when a plaintiff files a complaint seeking relief under the Act. 5 U.S.C. § 552(a)(4)(B) ("On complaint, the district court of the United States . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld."). A plaintiff must file a distinct FOIA lawsuit because the rights asserted in a FOIA case are those of the public and inherently different from rights asserted in a private lawsuit. *Hoover v. U.S. Dep't of the Interior*, 611 F.2d 1132, 1136-37 (5th Cir. 1980); *see also Meyer v. Doe*, No. 24-CV-0549 (DWF/JFD), 2024 WL 4026263, at *3 (D. Minn. Sept. 3, 2024) (holding that a challenge to a FOIA determination must be raised in a complaint because a motion to compel is insufficient to confer jurisdiction).

Because Gonzalez has not filed a complaint in a separate civil action to challenge alleged FDA noncompliance with FOIA, this Court lacks subject matter jurisdiction over his motion to compel. He may seek relief by bringing a separate action under FOIA against the FDA in the district where he resides or has his principal place of business or where the FDA records are situated, or in the District of Columbia. 5 U.S.C. § 552(a)(4)(B).

B. **Motion to Compel**

Gonzalez also asks the Court to compel production of emails and other communications between Defendants and himself and third parties. Under Local Rule CV-26(a), when a party seeks relief concerning requests for production, copies of the disputed requests must be attached to the motion. Because Gonzalez did not attach his requests for production to his motion to compel, the Court cannot determine what he requested or assess the adequacy of Defendants' response.

Gonzalez also did not satisfy the conference requirements of Rule 37(a)(1) and Local Rule CV-7(g) before moving to compel. Local Rule CV-7(g) provides, in relevant part:

> The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement and certifies the specific reason that no agreement could be made.

Gonzalez's certificate of conference states:

> On September 23, 2025, Plaintiff sent defense counsel a detailed email identifying the absence of any emails in Defendants' production, citing specific categories of missing communications, and demanding disclosure of custodians, search parameters, and supplementation. Defendants did not provide additional production or assurances. Despite this effort, no resolution was reached.

Dkt. 48 at 4.

"Parties 'do not satisfy the conference requirements simply by requesting or demanding compliance, because the parties need to confer, deliberate, converse, or compare views with a goal of resolving the dispute.'" *Noble Cap. Fund Mgmt., LLC v. US Cap. Glob. Inv. Mgmt., LLC*, No. 1:20-CV-01247-DAE, 2024 WL 5505578, at *1 (W.D. Tex. Nov. 7, 2024) (quoting *Patel v. Shipper Servs. Express*, No. 5:20-cv-00267-OLG, 2020 WL 10056291, at *1 (W.D. Tex. Oct. 19, 2020)). "Good faith" requires a genuine attempt to resolve the dispute through non-judicial means. *Id.* If an agreement cannot be reached despite a movant's good-faith efforts, certification under Local Rule CV-7(g) requires a detailed description of the attempts made to resolve the dispute and

the specific reasons why the parties could not reach an agreement. *Id.* The good-faith requirement applies to both parties. *Patel*, 2020 WL 10056291, at *2.

Gonzalez emailed Defendants about their allegedly deficient production one week before he filed his motion. The parties engaged in mediation the day before Gonzalez moved to compel, but he did not request a response to his email by any certain date or otherwise communicate with Defendants before moving to compel. Defendants state that they "simply did not understand, nor were they informed, that Plaintiff expected resolution within seven days." Dkt. 50 at 2.

Gonzalez has not satisfied the conference requirement of Local Rule CV-7(g) because he has not actually talked with Defendants about the alleged deficiencies. *See McCallum v. Camping World, Inc.*, No. SA-19-cv-01021-OLG, 2019 WL 9197839, at *1 n.1 (W.D. Tex. Dec. 17, 2019) (Garcia, C.J.) (explaining that conferment "requires two-way communication which is necessary to genuinely discuss any issues and to avoid judicial recourse")). Defendants also have a duty to respond promptly to his requests. The Court urges Gonzalez and defense counsel to cooperate to resolve this dispute without the need for further Court intervention.

### III.  Conclusion

The Court **GRANTS** Plaintiff's Motion for Clarification Regarding Motion to Compel Agency Response Under FOIA/Touhy (Dkt. 40) and **DENIES** Plaintiff's Rule 37 Motion to Compel Production of Emails and Communications (Dkt. 48) without prejudice.

**IT IS ORDERED** that this case be removed from this Magistrate Judge's docket and returned to the docket of the Honorable David A. Ezra.

**SIGNED** on November 14, 2025.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE