UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSE M. GONZALEZ,<br>　　　Plaintiff, | § <br> § <br> § | |
| *vs*. | § <br> § <br> § | NO:　**1:24-cv-00982-DAE** |
| INTERNATIONAL MEDICAL DEVICES, et<br>al.<br>　　　Defendants. | § <br> § <br> § <br> § <br> § | |

## <u>PLAINTIFF'S REPLY IN SUPPORT OF MOTION<br>FOR PRESERVATION INJUNCTION</u>

Aside from focusing on page-limit technicalities[1], Defendants' opposition does not address the actual evidence of modifications in their recordkeeping, does not dispute the specific facts establishing a material risk of spoliation, and does not provide the Rule 26(g) certification or the disclosures required by Rules 34 and 37(e). The response relies on rhetoric and procedural deflection rather than evidence. Thus, the fundamental preservation failures remain unrebutted.

The Motion presented direct proof that Defendants' own complaint file for Plaintiff was modified years after its creation, and also showed:

- no identified custodians,
- no stated search methodology,
- no retention policy,
- no confirmation that deletion is suspended,
- no certification of reasonable inquiry,
- third-party custody of core regulatory files without any preservation assurance, and

---

[1] Courts may relax Local Rule CV-7 page limits where appropriate. Ormond v. CTVSEH PLLC, No. 1:20-cv-661-RP (W.D. Tex. Sept. 21, 2021). Pro se filings are also liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

- ongoing dynamic systems (marketing, regulatory, websites, cloud platforms) where ESI can be overwritten.

Oddly enough, Defendants' brief confirms—*not refutes*—the need for a preservation injunction. The Court has already recognized that Plaintiff's misrepresentation theory—premised in part on Defendants' statements about FDA clearance and intended use—states a valid DTPA claim. (ECF No. 30 at 3, 15–16.)

These failures were confirmed during the November 21 Rule 37 conference, where defense counsel refused to identify custodians, search parameters, data sources, or any preservation steps. *See* Ex. A.

## I.   DEFENDANTS DO NOT DISPUTE ANY OF THE CENTRAL FACTS SUPPORTING A PRESERVATION ORDER

A.   Defendants do not deny that the 2022 complaint record was modified in 2025

Defendants produced a complaint record that:

- originates in 2022,
- contains a "1/3/2025 Update" to the UDI field,
- includes no annotation, prior version, audit trail, or explanation, and
- lacks any preservation of the original record.

   [*See* GONZALEZ_IMD_000003–000008.]

Defendants' opposition does not deny:

1.   that the 2022 record includes a 2025 revision;

2.   that the document reflects a post-event modification;

3.   that 21 C.F.R. § 820.198 requires complaint files to be preserved as originally received;

4.   that no prior version was produced; and

5.   that no audit log was identified or produced..

Instead, counsel labels the issue "*nonsense*." A rhetorical dismissal is not evidence. The presence of post-event modifications with no version history is exactly the kind of instability that Rule 37(e) and preservation orders are designed to prevent. This is unrebutted, concrete evidence of vulnerability to alteration.

B.  <u>Defendants admit they conducted no custodian-based search</u>

Defendants explicitly state: "Defendants did not perform custodian searches, nor were they obliged to." That position is incompatible with:

- Rule 26(g)'s requirement of a reasonable inquiry,

- Rule 34(b)'s obligation as applied by courts to explain how searches were conducted when adequacy is challenged, and

- standard ESI practice in every federal district.

An admission that no custodian-based preservation measures were identified is itself an affirmative showing that a preservation order is required to ensure integrity of the record.

C.  <u>Defendants do not deny that they have provided no retention policy, no suspended deletion confirmation, and no Rule 26(g) certification</u>

Instead of supplying the missing information, Defendants argue Plaintiff "never requested" it. But a preservation motion under Rules 16, 26, and 37 does not depend on a prior RFPD. The question is whether ESI is at risk now.

Defendants' refusal to confirm even the most basic preservation steps—the existence of a retention policy, whether auto-delete is suspended, or whether a reasonable inquiry was made—directly supports the relief requested.

D.  <u>Defendants concede that RQM+ holds IMD's archive, but offer no preservation assurances</u>

Defendants argue that if IMD lacks historical versions of its own regulatory files, a preservation order "cannot fix that." This inadvertently establishes:

- IMD lacks visibility into what versions exist,

- IMD lacks control over a central third-party custodian,

- IMD cannot ensure prevention of deletion or overwriting by that custodian, and

- IMD identifies no steps it has taken to secure those files.

Rule 34 extends to documents within a party's possession, custody, or control, including files held by consultants such as RQM+. A party's statement that it cannot guarantee preservation of its own regulatory archive is precisely the scenario in which preservation orders are regularly issued.

E. <u>Defendants do not deny that GUDID fields are manufacturer-controlled</u>

The Motion identified:

- manufacturer-entered UDI and DI fields,

- shifting identifiers across iterations, and

- updated device-identity information in Plaintiff's own complaint file.

Defendants do not deny:

- that they control GUDID submissions,

- that they can revise those fields, or

- that revisions to device-identity information have occurred.

Silence on a factual contention in a Rule 37(e) context operates as an implicit concession of capability and risk.

F.  <u>Defendants do not deny that public materials—webpages, promotional content, labeling—
have been deleted, replaced, or altered</u>

The Motion documented:

- missing website pages,

- removed or replaced promotional videos, and

- evolving labeling and terminology.

Defendants call the argument "*untenable*" but do not dispute the underlying facts. Public-facing systems are inherently volatile, and their ongoing modification is unchallenged in Defendants' response. Absent a preservation order, these materials—*which bear directly on DTPA misrepresentation and failure-to-warn claims*—will continue to disappear.

II.  **DEFENDANTS' LEGAL ARGUMENTS MISSTATE THE STANDARD AND DO NOT ADDRESS THE EVIDENCE**

A.  <u>Plaintiff need not prove actual destruction—only a material risk of loss</u>

Courts applying Rules 26, and 37 consistently hold that a preservation order is appropriate where:

- records show signs of alteration or instability,

- custodians are not identified,

- no search methodology is disclosed,

- third-party custody creates uncertainty, or

- no retention policy or suspended deletion is confirmed.

Those conditions are all present here. In fact, the remedy sought—*preservation, not sanctions*—is proportional and well within the Court's authority.

5

B. The opposition contains no evidence

Defendants submitted:

- no affidavit,

- no declaration,

- no audit log,

- no certification of reasonable inquiry, and

- no explanation for the 2025 modification of a 2022 file.

A party resisting a preservation order must supply facts, not characterizations. The absence of evidentiary rebuttal weighs heavily in favor of relief. Defense counsel's statements during the Rule 37 conference further confirm that no reasonable inquiry was made and no preservation measures were implemented. *See* Ex. A.

## III.    THE REQUESTED RELIEF IS NARROW, STANDARD, AND PROPORTIONAL

Plaintiff does not seek sanctions, adverse inferences, or merits findings. Instead, the requested measures are minimally necessary to stabilize the record:

- identify custodians;

- identify repositories and systems;

- suspend auto-deletion;

- preserve complaint files, labeling history, marketing materials, and regulatory records;

- disclose retention policies; and

- certify compliance under Rule 26(g).

These are routine obligations in any case involving ESI.

## IV.    CONCLUSION

Defendants do not deny the 2025 alteration of Plaintiff's 2022 complaint file.

1. They admit that no custodians were identified or searched.

2. They do not provide any retention policy, suspended-deletion confirmation, or Rule 26(g) certification.

3. They offer no evidentiary rebuttal to the documented risks.

Because the integrity of the record cannot be assured without court intervention, Plaintiff respectfully requests that the Court grant the Preservation Injunction.

Respectfully Submitted this 3rd day of December 2025.

**Jose M. Gonzalez,** Pro Se
1215 Hidalgo Street #205
Laredo, TX 78040
(956) 608-1811
middlemanadvert@gmail.com

## CERTIFICATE OF SERVICE

I, Jose M. Gonzalez, Plaintiff pro se, do hereby certify that on the 3rd day of December 2025, a true and correct copy of the foregoing:

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PRESERVATION INJUNCTION

was filed with the Clerk using the ECF system which will give notice of the filing to all counsel of record.

**Defendants**: International Medical Devices, Inc. ("IMD"); Menova International, Inc., ("Menova"); James J. Elist, M.D., a Medical Corporation; and, Dr. James Elist is an individual residing in Beverly Hills, California, as being represented by:

### BOWMAN AND BROOKE LLP

**Randall L. Christian**
Federal ID No. 15935
Texas Bar No. 00783826
randall.christian@bowmanandbrooke.com
**Jonathan L. Smith**
Federal ID No. 3632192
Texas Bar No. 24088436
jonathan.smith@bowmanandbrooke.com

**DATE: 12/03/2025**

**/s/   Jose M. Gonzalez, Pro Se**
1215 Hidalgo Street #205
Laredo, TX 78040
(956) 608-1811
middlemanadvert@gmail.com