# Exhibit A – Rule 37

Email Chain (Nov. 21, 2025)

 middle - man - Advertising <middlemanadvert@gmail.com>

---

# Follow-Up to Today's Rule 37 Conference
2 messages

---

**middle - man - Advertising** <middlemanadvert@gmail.com>  Fri, Nov 21, 2025 at 1:10 PM
To: Jon Smith <jonathan.smith@bowmanandbrooke.com>

Mr. Smith,

Thank you for attending today's Rule 37 meet-and-confer.
This email summarizes the points discussed and the positions you stated on the call so the record is accurate and complete.

**Please notify me within 48 hours if you believe any item is inaccurate.**

<u>1. Limited Scope of Email Production (K220760 Only)</u>

During the conference, you confirmed that the only emails produced to date were limited to the K220760 FDA submission, and that no emails were produced from any other FDA submissions, or:

- IMD custodial accounts
- Menova custodial accounts
- Any Elist Medical custodians
- Consultant accounts (including "Ray")
- COO accounts (e.g., Ramin Faghihirezaei)
- Marketing, distribution, or training communications
- Physician network communications
- Complaint or adverse-event channels
- Any custodial ESI related to Texas provider interactions

You confirmed that no search terms, no date ranges, and no custodian list have been disclosed.

<u>2. Refusal to Provide Custodian List / Search Parameters / Data Sources</u>

You stated that you would <u>not</u> provide:

- The list of custodians searched
- The list of custodians not searched
- The search terms used
- The data sources searched (servers, local devices, cloud accounts)
- The date ranges used
- The methods used to identify responsive ESI
- The locations of consultant or contractor mailboxes
- Whether mobile devices were searched

You further stated that you would not certify that an adequate ESI search has been performed under Rule 26(g).

For clarity: A refusal or failure to identify custodians, search terms, and ESI sources prevents me from evaluating the adequacy of your search and is itself a Rule 26(g) deficiency.

3. Refusal to Produce Any Documents Relevant to K223051

On the call, you stated that you would not produce anything relating to K223051, asserting that the clearance "has nothing to do with Plaintiff's claims."

For the record, this conflicts with:

Your clients' own representation that all iterations are "the same model,"

The K223051 clearance controlling current labeling and intended-use boundaries,

The Court's MTD order (Doc. 30), which found discovery into marketing, distribution, intended-use representations, and training relevant and permissible.

This position is preserved here.

4. GUDID / UDI Requests

You stated on the call that you "did not know what GUDID is" and would ask your client but "do not expect to get anything."

For the record:

GUDID and UDI records are mandatory for Class II devices.

They relate directly to labeling, model-number continuity, intended use, and the K223051 rollback.

Your refusal to commit to producing these will be included in the renewed motion.

5. "Father–Son Operation" Statement

You stated that IMD/Menova are "just a father and son operation" and therefore do not have a large infrastructure for document retention.

While I understand the comment, it has no impact on Rule 26(a), Rule 26(b), Rule 26(g), Rule 34, or the Court's scheduling order. Discovery obligations apply regardless of corporate size.

Your characterization is preserved here.

6. Deposition Notice Discussion

You raised the topic of Plaintiff's deposition and proposed December 2, 2025.

Plaintiff responded that:

He is available to discuss deposition dates after a proper Rule 30 notice is served, and

Deposition timing does not replace your clients' duty to produce discoverable materials under Rules 26 and 34.

No dates were agreed to on the call.
Please serve a Rule 30 notice when you are ready.

7. Next Steps

As stated on the call:

- I continue to request the custodian list,
- ESI search parameters,
- Data sources used,
- And supplementation of the limited production.

If these items are not provided, the record is clear for the renewed Rule 37 motion.

Thank you,
Jose M. Gonzalez

Plaintiff, Pro Se
(956) 608-1811
middlemanadvert@gmail.com

---

**Jon Smith** <Jonathan.Smith@bowmanandbrooke.com>  Fri, Nov 21, 2025 at 1:44 PM
To: middle - man - Advertising <middlemanadvert@gmail.com>
Cc: Randall Christian <Randall.Christian@bowmanandbrooke.com>

Mr. Gonzalez, it was a pleasure speaking with you as well.  And, yes, I object to the accuracy of practically everything stated below.

Thanks,

Jon


**Jonathan L. Smith**

Partner

+1 512-874-3853 | Jonathan.Smith@bowmanandbrooke.com

[Quoted text hidden]
Note: This electronic mail is intended to be received and read only by certain individuals. It may contain information that is attorney-client privileged or protected from disclosure by law. If it has been misdirected, or if you suspect you have received this in error, please notify me by replying and then delete both the message and reply. Thank you.