**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| JOSE M. GONZALEZ, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 1:24-cv-00982-DAE |
| | § | |
| INTERNATIONAL MEDICAL DEVICES, | § | |
| INC., *et al.,* | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S**
**MOTION TO EXCLUDE OR LIMIT EXPERT TESTIMONY OF DENISE HOLLIDAY**

Plaintiff moves to exclude or limit the expert opinions of Denise Holliday, Defendants' medical device and regulatory expert, on the grounds that her opinions will not assist the trier of fact and because her "analysis relies heavily on assumptions supplied by defense counsel … and draws legal conclusions reserved to the Court.[1]" Plaintiff's motion should be denied, however, because, in addition to being filed in violation of the governing Scheduling Order,[2] the arguments presented therein are meritless. Ms. Holliday's opinions go straight to a central issue of fact on which Defendants' liability under Count I of Plaintiff's First Amended Complaint ("FAC") turns, and her methodology is straightforward and undeniably reliable.

---

[1] Pl's Mot. to Exclude or Limit Expert Testimony of Denise Holliday, ECF No. 60, at 1-2.

[2] The Scheduling Order provides that any challenges to an expert's proposed testimony be filed within ECF No. 60, within thirty (30) days of receipt of the written report of the expert's proposed testimony, or within thirty (30) days of the expert's deposition, if a deposition is taken, whichever is later. *See* ECF No. 38 at ¶ 5.  Here, Plaintiff elected not to depose Ms. Holliday and moved to exclude/limit her testimony on January 5, 2026, thirty-six (36) days after being served with her report on November 30, 2025. *See* ECF No. 60-1.

**A.      Ms. Holliday's proposed testimony will assist the trier of fact.**

In Count of I of the FAC, Plaintiff claims that Defendants violated the Texas Deceptive Trade Practices Act ("DTPA") by representing that the penile implant he received (the "Device") was cleared by the U.S. Food and Drug Administration ("FDA") for "cosmetic enhancement" of healthy penises when, according to Plaintiff, it was "FDA-cleared only 'for use in the cosmetic correction of soft tissue deformities.'"[3] Thus, the scope of the Device's FDA-clearance is a central issue of fact as to this aspect of his DTPA claim.

Accordingly, Defendants retained Ms. Holliday, a medical device expert "with over 20 years of experience in engineering, quality, and regulatory aspects of medical device design and manufacturing,"[4] to opine as to the scope of the Device's FDA-clearance.[5] Upon review of the Device's regulatory history, Ms. Holliday opines that, "[t]he medical device Mr. Gonzalez received on August 2, 2022, was cleared by FDA for cosmetic augmentation of the penis for aesthetic purposes."[6] Because determining the scope of a medical device's regulatory clearance is outside the knowledge of lay jurors, and her specialized knowledge of the medical device regulatory process will assist the jury to understand the regulatory evidence and determine whether the alleged representations concerning the Device's regulatory clearance were consistent therewith, her proposed testimony is admissible. *See Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 590 (1993) ("If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue" an expert "may testify thereto.").

---

[3] Pl's First Amend. Compl. ("FAC"), ECF No. 23, at 2, 15-16 (emphasis omitted).
[4] Plaintiff does not challenge Ms. Holliday's qualifications to offer her proposed testimony nor could he successfully do so. *See* ECF No. 60-1, Expert Report of Denise Holliday at 2-3.
[5] *See* ECF No. 60-1, Expert Report of Denise Holliday at 2-3.
[6] *See id*. at 9.

**B.    Ms. Holliday's testimony is reliable.**

Plaintiff attacks the reliability of Ms. Holliday's proposed expert testimony on two bases, but neither has merit. First, Plaintiff complains that "Ms. Holliday's analysis relies heavily on assumptions supplied by defense counsel regarding device identity, labeling, and intended use." Plaintiff does not otherwise identify the "assumptions" he claims Ms. Holliday relies on nor explains how her alleged reliance on the same renders her proposed testimony unreliable. In any event, Plaintiff's critique is nonsense.

As to product identity, the only "assumption" Ms. Holliday relies on is the Device's Unique Identification No. ("UIN") (*i.e.*, B097IMD009XL1), and, contrary to Plaintiff's contention, Ms. Holliday obtained the UIN not from defense counsel but from Plaintiff's own "Preliminary Expert-Informed Statement."[7] As to the Device's "intended use," Ms. Holliday likewise did not rely on any assumptions supplied by defense counsel.  Instead, Ms. Holliday used the Device's UIN—which, again, she obtained from Plaintiff and, in any event, is not subject to dispute—to query the FDA's online database to determine the FDA Premarket Submission Numbers associated with the Device.[8] That inquiry revealed the following:

⊕ **FDA PREMARKET SUBMISSION**

| FDA Premarket Submission Number [?] | Supplement Number [?] |
|---|---|
| K042380 | 000 |
| K162624 | 000 |
| K181387 | 000 |
| K220760 | 000 |

[9]

---

[7] *See* ECF No. 60-1, Expert Report of Denise Holliday at 8; *see also* Exhibit A, Plaintiff's Preliminary Expert-Informed Statement.

[8] *See id.*, Expert Report of Denise Holliday at  (¶12).

[9] *See id.* (citing U.S. Food and Drug Administration; National Library of Medicine, AccessGUDID — Device Record, Unique Device Identifier B097IMD009XL1 (accessed November 26, 2025), https://accessgudid.nlm.nih.gov/devices/B097IMD009XL1).

Ms. Holliday then queried FDA's "510(k) Premarket Notification" online database for each of the foregoing premarket submission numbers to determine the scope of the Device's FDA-clearance (*i.e.*, the Device's "Indications for Use") and the dates on which those clearances were in effect.[10] Thus, Ms. Holliday's regulatory opinion as to the scope of the Device's FDA-clearance (*i.e.*, its "indications for use") is manifestly reliable.

Next, Plaintiff argues, without citing authority, that "[e]xpert testimony that merely interprets statutes, regulations, or reaches legal conclusions is inadmissible under Rule 702 and controlling precedent."[11] Plaintiff does not explain how Ms. Holliday "merely interprets statutes, regulations, or reaches legal conclusions" because he cannot do so. Nowhere in Ms. Holliday's report does she offer a statutory or regulatory interpretation. Consistent with her expert report, Ms. Holliday will testify regarding her opinion that "[t]he medical device Mr. Gonzalez received on August 2, 2022, was cleared by FDA for cosmetic augmentation of the penis for aesthetic purposes" and the bases for the same.

## CONCLUSION

Premises considered, Defendants respectfully request that Plaintiff's Motion to Exclude or Limit the Expert Testimony of Denise Holiday, ECF No. 60, be denied.

Respectfully Submitted,

**BOWMAN AND BROOKE LLP**

By: */s/ Jonathan L. Smith*
 Randall L. Christian
 Federal ID No. 15935
 Texas Bar No. 00783826
 randall.christian@bowmanandbrooke.com
 Jonathan L. Smith
 Federal ID No. 3632192

---

[10] *Id*. at 5 (¶¶ 7-9), 7.
[11] Pl's Mot. to Exclude or Limit Expert Testimony of Denise Holliday, ECF No. 60, at 2.

Texas Bar No. 24088436
jonathan.smith@bowmanandbrooke.com

2901 Via Fortuna Drive, Suite 500
Austin, Texas 78746
Tel: (512) 874-3800
Fax: (512) 874-3801

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that the foregoing instrument and all attachments thereto was filed with the Clerk via the ECF system which will give notice of the filing to all counsel of record and to Plaintiff, who has registered as an ECF user. I further certify that Plaintiff was also served with the foregoing instrument and all attachments thereto on January 12, 2026, by email addressed to: middlemanadvert@gmail.com.

*/s/ Jonathan L. Smith*
Jonathan L. Smith