UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JOSE M. GONZALEZ<br>　　　*Plaintiff*,<br><br>vs.<br><br>INTERNATIONAL MEDICAL DEVICES,<br>INC., MENOVA INTERNATIONAL, INC.<br>JAMES J. ELIST M.D., A MEDICAL<br>CORPORATION, AND DR. JAMES ELIST,<br>　　　*Defendants*. | §<br>§<br>§<br>§　Case No.: 1:24-cv-00982-DAE<br>§<br>§<br>§<br>§<br>§<br>§ |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON FAILURE TO DISCLOSE

NOW COME International Medical Devices, Inc., Menova International, Inc., James J. Elist M.D., a Medical Corporation, and Dr. James Elist (referred to collectively as "Defendants"), Defendants in the above-entitled and numbered cause, and file their Response to Plaintiff's Motion for Partial Summary Judgment on Failure to Disclose. In support thereof, Defendants would show as follows:

## I.

## BACKGROUND

Plaintiff has filed a motion for partial summary judgment. (*See* Dkt. #59). Plaintiff seeks a summary judgment establishing that: (1) "during the relevant transaction period", FDA clearance for the Penuma device was for the cosmetic correction of soft tissue deformities under 510(k) No. 181387; (2) Defendants knew of the scope of the FDA clearance for the Penuma device; and (3) Defendants did not disclose the scope of the FDA clearance in the consumer-facing materials and communications used to market, screen, and approve Plaintiff for surgery. (Dkt. #59, pp. 1-2, and 14). Plaintiff expressly affirms that he is not seeking summary judgment or disposition of any

other elements of his DTPA failure to disclose claims, including intent to induce, producing cause, damages, or remedies. *Id*., at pp. 1, 9, and 13-14. Plaintiff's motion nowhere defines the phrase "relevant transaction period."

## II.

## ARGUMENT AND AUTHORITIES

### A. Plaintiff's Motion is Not Actually a Motion for Summary Judgment

Defendants would first note that Plaintiff's Motion for Partial Summary Judgment is not really a motion for summary judgment, in that it does not seek to establish that Plaintiff is entitled to judgment as a matter of law on any of his claims or on any defenses asserted by Defendants. *See* Fed.R.Civ.P. 56(a). It is more a request for factual stipulations or findings. Thus, Plaintiff is neither seeking nor entitled to judgment as a matter of law under Federal Rule of Civil Procedure 56(a) on any of his claims or on any elements thereof. Plaintiff is, rather, requesting an order under Federal Rule of Civil Procedure 56(g) that certain material facts are not genuinely in dispute.

### B. Summary Judgment Standard

Summary judgment is appropriate when the movant shows that there is no genuine dispute of a material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Howell v. Town of Ball*, 827 F.3d 515, 521-22 (5th Cir. 2016). When reviewing a summary judgment motion, the court views all of the facts and evidence in the light most favorable to the non-moving party and draws all inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986)*Howell*, 827 F.3d at 522; *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010); *United Fire & Cas. Co. v. Hixson Bros. Inc*., 453 F.3d 283, 285 (5th Cir. 2006).

C. **Response to Plaintiff's Motion**

Plaintiff has presented evidence demonstrating that: (1) during the periods of time of the materials and communications attached to his motion as Exhibits A, B, C, and D (which are 2016 (Exhibit A); February 28, 2022 (Exhibit B); March 22, 2017 (Exhibit C); and December 15, 2016 (Exhibit D)) the FDA clearance for the Penuma device at issue was for the "cosmetic correction of soft tissue deformities" of the penis; (2) Defendants knew the scope of the FDA clearance; and (3) the scope of the FDA clearance is not stated in the materials and communications attached to his motion as Exhibits A, B, C, and D. Defendants have no objections to these three specific and limited fact findings.[1]

To the extent Plaintiff seeks "summary judgment" for anything beyond those limited fact findings, however, Plaintiff's motion should be denied as it fails to establish there is no genuine issue of material fact and that he is entitled to judgment as a matter of law on any other issue. First, Plaintiff's motion does not address or offer any evidence regarding any alleged communications, representations, or "consumer facing materials" other than the four attached to the motion as Exhibits A-D. Plaintiff has the burden proof regarding any other alleged communications, representations, or "consumer facing materials". *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (holding summary judgment is proper when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

Second, Plaintiff's motion makes reference to the scope of the Penuma's FDA clearance "during the relevant transaction period", or "at the time of Plaintiff's transaction", or "during the

---

[1] Defendants would note, however, that the GQ article attached as Exhibit A to Plaintiff's motion was not authored by Defendants and contains no statements about the scope of the FDA clearance for the Penuma device that are attributed or are attributable to Defendants. (*See* Dkt. #59, Exhibit A).

relevant period." Dkt. #59, pp. 1, 10, 11, and 14. Plaintiff nowhere, however, defines those terms. The "relevant period", "relevant transaction period", or "time of Plaintiff's transaction" certainly extends to August 2, 2022, the date Plaintiff underwent the implantation procedure. (*See* Dkt. #59, Exhibit L). As such, Plaintiff's own summary evidence establishes that the scope of the FDA clearance of the Penuma device was not only "cosmetic correction of soft tissue deformities" of the penis during the "relevant period", "relevant transaction period", or "time of Plaintiff's transaction. To the contrary, from May 13, 2022, onward, the scope of the FDA clearance for the Penuma device also included "use in augmentation, reconstruction and cosmetic surgery, and is contoured at the surgeon's discretion to create a custom implant. When used in augmentation procedures, the device provides cosmetic augmentation of the penis and is intended for aesthetic purposes." *See* Dkt. #59, Exhibit K. Plaintiff's implant procedure did not occur until August 2, 2022, until almost three months after May 13, 2022. (*See* Dkt. #59, Exhibit L). In fact, in the May 13, 2022, clearance, the FDA found the scope of "cosmetic correction of soft tissue deformities" of the penis to be "substantially equivalent" to the scope of "cosmetic augmentation of the penis" and the other areas of the scope of the May 13, 2022, FDA clearance. (*See* Dkt. #59, Exhibit K).

Thus, Plaintiff's own evidence demonstrates that the scope of the FDA clearance for the Penuma device was **not only** for the cosmetic correction of soft tissue deformities of the penis "during the relevant period", "during the relevant transaction period", or "at the time of Plaintiff's transaction." At the least, there are genuine issues of material fact regarding what the "relevant transaction" period is and what the scope of the FDA clearance was for the Penuma device during that time period.

Accordingly, Plaintiff motion for summary judgment should be denied to the extent it seeks to establish anything other than the following facts:

(1) between 2016 and May 12, 2022, the Penuma was a medical device cleared by the FDA for use in the cosmetic correction of soft tissue deformities of the penis;

(2) between 2016 and May 12, 2022, Defendants knew the Penuma was FDA-cleared for use in the cosmetic correction of soft tissue deformities of the penis; and

(3) the materials and communications attached as Exhibits A, B, C, and D to Plaintiff's motion do not explicitly disclose that the Penuma was FDA-cleared for use in the cosmetic correction of soft tissue deformities of the penis.

Finally, Defendants would note that Plaintiff's motion expressly affirms multiple times that Plaintiff only seeks partial summary judgment on the limited factual issues discussed, *supra*, and that he is not seeking summary judgment on any other matters related to his DTPA claims such as intent to induce, causation, damages, or remedies. *See* Dkt. #59, pp. 1, 9, 13-14.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiff's motion be denied or granted only for the limited purposes identified above; Defendants further pray for such other and further relief, both general or special, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By: */s/ Jonathan L. Smith*
Randall L. Christian
Federal ID No. 15935
Texas Bar No. 00783826
randall.christian@bowmanandbrooke.com
Jonathan L. Smith
Federal ID No. 3632192
Texas Bar No. 24088436
jonathan.smith@bowmanandbrooke.com
2901 Via Fortuna Drive, Suite 500
Austin, Texas 78746
Tel: (512) 874-3800
Fax: (512) 874-3801
*Attorneys for Defendants*

**MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.**

By:      */s/ Mark J. Dyer*
**MARK J. DYER**
State Bar No. 06317500
dyer@mdjwlaw.com
**STEPHEN D. HENNINGER**
State Bar No. 00784256
henninger@mdjwlaw.com
9111 Cypress Waters Blvd., Suite 250
Dallas, Texas 75019
(214) 420-5500
(214) 420-5501 (telecopier)
**ATTORNEYS FOR DEFENDANTS JAMES J. ELIST M.D., A MEDICAL CORPORATION AND DR. JAMES ELIST**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been e-served to all parties of record, in compliance with the Federal Rule of Civil Procedure, on January 28, 2026.

/s/ Mark J. Dyer
**MARK J. DYER**