UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JOSE M. GONZALEZ,<br>　　Plaintiff,<br><br>*vs.*<br><br>INTERNATIONAL MEDICAL DEVICES,<br>INC. ("IMD"); MENOVA<br>INTERNATIONAL, INC., ("MENOVA");<br>JAMES J. ELIST, M.D., A MEDICAL<br>CORPORATION; AND DR. JAMES ELIST,<br>　　Defendants. | §<br>§<br>§<br>§<br>§　Case No:　**1:24-cv-00982-DAE**<br>§<br>§<br>§<br>§<br>§ |

## [PROPOSED] ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Before the Court is Plaintiff Jose Gonzalez's Motion for Partial Summary Judgment on Failure to Disclose under the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.46(b)(24).

The Court has considered the motion, Defendants' response, Plaintiff's reply, the summary judgment evidence, and the applicable law.

The Court finds that there is no genuine dispute of material fact as to the following matters.

**FINDINGS**

**1. Scope of FDA Clearance Through the Inducement Period**

During the period in which Defendants marketed, screened, and approved Plaintiff for the Penuma procedure—and through May 12, 2022—the Penuma device was cleared by the U.S. Food and Drug Administration under 510(k) No. K181387 solely for cosmetic correction of soft tissue deformities.

1

## 2. Defendants' Actual Knowledge

Defendants possessed actual knowledge of this limitation during the same period.

## 3. Nondisclosure to Plaintiff

Defendants did not disclose this limitation in the consumer-facing materials and communications used to market, screen, approve, and direct Plaintiff toward the Penuma procedure.

## 4. Absence of Contrary Disclosure Evidence

Defendants have identified no consumer-facing communication, document, or representation provided to Plaintiff during the inducement and screening process that disclosed the FDA's deformity-only limitation prior to Plaintiff's compliance with Defendants' eligibility and screening prerequisites.

## 5. Plaintiff's Entry into the Transaction Prior to May 13, 2022

Prior to May 13, 2022, Plaintiff had moved beyond initial inquiry and into reliance on Defendants' marketing and screening process by undertaking actions required to advance toward approval for the Penuma procedure, including obtaining and submitting medical testing and diagnostic records necessary to satisfy Defendants' screening prerequisites.

**ORDER**

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Partial Summary Judgment is **GRANTED IN PART** as set forth above.

Pursuant to Federal Rule of Civil Procedure 56(g), the foregoing facts are **DEEMED ESTABLISHED** for purposes of this action.

**IT IS FURTHER ORDERED** that all remaining issues, including intent to induce, producing cause, damages, and remedies, are reserved for determination by the trier of fact.

SIGNED this ___ day of _____, 2026.

                                                                              _____

                                                                              **DAVID ALAN EZRA**

                                                                              United States District Judge