# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **Jose M. Gonzalez,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **International Medical Devices, Inc., Menova** | § | **Case No. 1:24-CV-00982-DAE** |
| **International, Inc., James J. Elist M.D.,** *a* | § | |
| *Medical Corporation***, and James Elist M.D.,** | § | |
| *Defendants* | § | |

### REPORT AND RECOMMENDATION OF THE
### UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE DAVID A. EZRA**
**UNITED STATES DISTRICT JUDGE**

Now before the Court are Plaintiff's Motion for a Preservation Injunction, filed November 24, 2025 (Dkt. 53); Defendant's Response, filed December 1, 2025 (Dkt. 54); and Plaintiff's Reply, filed December 3, 2025 (Dkt. 55).[1]

## I. Repeated Rules Violations

Plaintiff Jose M. Gonzalez, proceeding *pro se*, brings this product liability suit against Defendants International Medical Devices, Inc.; Menova International, Inc.; James J. Elist M.D., a Medical Corporation; and Dr. James Elist. He asks the Court to enter a preservation injunction "to ensure the integrity of electronically stored information ('ESI') and hard-copy records relevant to this action." Dkt. 53 at 1.

---

[1] By Text Order issued November 26, 2025, the District Court referred the motion to this Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

Just ten days before he filed this motion, this Magistrate Judge denied Plaintiff's motion to compel for failure to abide by Local Rule CV-7(g). Dkt. 52 at 3. That rule provides, in part:

> The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement and certifies the specific reason that no agreement could be made.

Unfortunately, Plaintiff again violated this rule, failing to include a certificate of conference with Defendants. Plaintiff also exceeded the ten-page limit for his motion and the five-page limit for his reply brief and later filed without leave a 75-page "supplemental" brief and evidence, which the Court has not considered. *See* Local Rules CV-7(c)(2), 7(e)(1), 7(e)(3).

Plaintiff characterizes the Court's page limits as "technicalities," Dkt. 55 at 1, but he is mistaken. Compliance with the Court's Local Rules facilitates the expeditious resolution of pending motions; conversely, a party's failure to follow the local and federal rules often interferes with and hinders the Court's ability to effectively manage its docket. Courts have the inherent power to manage their dockets and may involuntarily dismiss an action with prejudice as a sanction for a plaintiff's failure to comply with the rules of procedure or obey court orders. *Santamaria v. Todd Ins. Agency*, 231 F.R.D. 246, 247 (E.D. Tex. 2005). And while Plaintiff is correct that courts construe *pro se* pleadings liberally, like all other parties, *pro se* litigants must "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 485 (5th Cir. 2014) (citation omitted).

Plaintiff is admonished that a litigant acting *pro se* "has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). The Court may refuse to hear any future motion filed in violation of the Local Rules and impose appropriate sanctions.

## II. Analysis

Plaintiff alleges that an injunction is necessary because Defendants have engaged in "post-hoc modification" of electronically stored information produced in discovery, establishing "a concrete and ongoing risk of spoliation if additional preservation measures are not promptly ordered." Dkt. 53 at 1. Among other relief, he asks the Court to order Defendants to identify all ESI custodians and repositories, suspend all ESI data deletion, and preserve all materials related to nine broad categories of documents (including, e.g., "labeling, warnings, and intended-use discussions" and "shipment and distribution records"). Dkt. 53 at 11. In response, Defendants argue that Plaintiff neither articulates nor shows why the materials he seeks will be destroyed absent a preservation order. They contend that Plaintiff's assertion of tampering with the evidentiary record is "utter nonsense," based only on a clearly identified January 3, 2025 update to the complaint record. Dkt. 54 at 4; *see also* Dkt. 53-2 (complaint record filed under seal).

This Court has applied two two- and three-factor tests to motions for preservation orders:

- (1) the proponent must show a significant risk that relevant evidence will be lost or destroyed, and (2) that the particular steps to be adopted will be effective, but not overbroad; and

- (1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence; (2) any irreparable harm likely to result to the party seeking the preservation of evidence absent an order directing preservation; and (3) the capability of an individual, entity, or party to maintain the evidence sought to be preserved, not only as the evidence's original form, condition or contents, but also the physical, spatial and financial burdens created by ordering evidence preservation.

*Mathews v. Exec. Off. for U.S. Att'ys*, No. 1:20-cv-370-RP-SH, 2020 WL 10354076, at *2 (W.D. Tex. Oct. 6, 2020) (citing *Legacy of Life, Inc. v. Am. Donor Servs., Inc.*, No. SA-06-CA-0802-XR, 2006 WL 8435984, at *2 (W.D. Tex. Sept. 21, 2006)).

This Magistrate Judge finds that Plaintiff does not satisfy the first factor under either test. He offers only speculation based on his interpretation of a produced document, refuted by Defendants.

3

Plaintiff does not show "a significant risk that relevant evidence will be lost or destroyed" or raise any concern "for the continuing existence and maintenance of the integrity of the evidence in question." *Mathews*, 2020 WL 10354076, at *2. The Court recommends that his motion be denied.

### III.  Recommendation

For these reasons, this Magistrate Judge **RECOMMENDS** that the District Court **DENY** Plaintiff's Motion for a Preservation Injunction (Dkt. 53).

**IT IS ORDERED** that this case be removed from this Magistrate Judge's docket and returned to the docket of the Honorable David A. Ezra.

### IV.  Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on February 27, 2026.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE