**FILED**

March 02, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: ___Christian Rodriguez___

DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSE M. GONZALEZ, | § | |
| Plaintiff, | § | |
| | § | |
| *vs.* | § | |
| | § | Case No:  **1:24-cv-00982-DAE** |
| INTERNATIONAL MEDICAL DEVICES, | § | |
| INC. ("IMD"); MENOVA | § | |
| INTERNATIONAL, INC., ("MENOVA"); | § | |
| JAMES J. ELIST, M.D., A MEDICAL | § | |
| CORPORATION; AND DR. JAMES ELIST, | § | |
| Defendants. | | |

**PROPOSED SURREPLY**

Plaintiff Jose M. Gonzalez, pro se, respectfully moves for leave to file a limited surreply addressing new arguments and evidentiary framing raised in Defendants' Reply.

**I.    For the first time in Reply, Defendants impose a new "medical expert required" prerequisite that is not supported by the record excerpt they cite.**

For the first time in Reply, Defendants argue that to show materiality Plaintiff must prove he was "in fact, ineligible" to receive the Subject Device and that, because the device is prescription-only, such proof "must" come from a medical expert. [Dkt. 72 at 7]. Defendants rely on deposition testimony where Plaintiff stated that no physician told him he "did not qualify" or that he "shouldn't have been prescribed" the device. [Dkt. 72 at 7 (citing Pl.'s Dep., Dkt. 69-2 at 43:1–13; 46:15–47:10)]. That testimony does not establish eligibility. It establishes only that Plaintiff has never had a post-surgery conversation in which a physician used the term "ineligible" or stated the procedure should not have been performed. [Dkt. 69-2 at 43:1–13; 46:15–47:10]. The absence of that label is not affirmative proof that Plaintiff was eligible, and it does not eliminate the possibility that material information was misrepresented or withheld at the inducement stage.

1

Defendants cannot convert the absence of a post-surgery "ineligibility" statement into a categorical Rule 56 prerequisite that a consumer plaintiff must produce medical expert testimony declaring him ineligible in order to create a triable issue. Fed. R. Civ. P. 56.

## II.    Defendants' Reply does not eliminate the live misrepresentation dispute by collapsing the case into an FDA-scope fight.

Defendants' Reply attempts to collapse Plaintiff's case into a single FDA-scope dispute and then declare that dispute "uncontroverted" based on their expert testimony, arguing Plaintiff's FDA-scope position is "nonsensical," that clearance is "determined by the content of [the] accompanying labeling," and that Plaintiff has "not presented any evidence" the Subject Device shipped with "outdated labeling." [Dkt. 72 at 3–4].

Yet the Reply simultaneously acknowledges a separate misrepresentation theory centered on reversibility, describing Plaintiff's position as "affirmative, consumer-salient outcome claims" that the result is "permanent" yet "reversible," and that if a patient "doesn't want it … you remove it." [Dkt. 72 at 5].

This is not a "lecture-only" issue. Plaintiff's Amended Complaint includes archived consumer-facing marketing pages listing "Reversible" as an implant feature alongside "Significant, permanent enhancements," and separately listing "Reversible at any time" alongside "Permanent results." [Dkt. 23 at 27–28]. To date, Defendants have not addressed these advertisements as inauthentic, inaccurate, or otherwise outside the scope of Plaintiff's inducement evidence. Under Rule 56, the Court must view the evidence in the light most favorable to the nonmovant and may not grant summary judgment by adopting a narrowed defense framing that is not coextensive with the live dispute Defendants themselves acknowledge and the record evidence supporting it. Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986).

**III.    The record does not support Defendants' "uncontroverted" FDA narrative.**

Defendants' Reply asks the Court to treat FDA scope as settled, asserting their expert testimony is "uncontroverted" and establishing that the Subject Device was cleared for "cosmetic augmentation of the penis for aesthetic purposes." [Dkt. 72 at 4]. The FDA "Indications for Use" forms in the record show why that framing is incomplete. K220760 includes the augmentation/aesthetic-purpose language Defendants emphasize. (Dkt. 26-2 at 18.) But K223051 returns to "cosmetic correction of soft tissue deformities" and does not include the K220760 augmentation language. [Dkt. 26-2 at 24]. The K223051 510(k) Summary likewise describes the device in terms of "aesthetic (cosmetic) correction of soft tissue deformities" and repeats those indications. [Dkt. 26-2 at 26]. At minimum, this record distinction prevents Defendants from presenting FDA scope as a single, static narrative that defeats Plaintiff's claims as a matter of law at summary judgment. [Dkt. 72 at 4; Dkt. 26-2 at 18, 24, 26].

**IV.    The reversibility representation remains a live, triable dispute independent of Defendants' FDA-labeling framing.**

Defendants attempt to treat the reversibility theory as effectively lecture-based and outside trade or commerce, and argue there is no evidence of falsity or tendency to deceive. [Dkt. 72 at 5]. But the representations at issue concern consumer-facing attributes central to the decision to proceed with implantation. Plaintiff's inducement evidence includes archived marketing pages listing "Reversible" and "Reversible at any time" as product features. [Dkt. 23 at 27–28]. Whether those representations, paired with "permanent" claims, could mislead a reasonable consumer is not resolved by Defendants' labeling rhetoric, by expert characterization of FDA scope, or by deposition testimony reflecting only that no physician later used the word "ineligible." [Dkt. 69-2 at 43:1–13; 46:15–47:10; Dkt. 23 at 27–28; Dkt. 72 at 3–5].

**Conclusion**

Defendants' Reply does not establish entitlement to judgment as a matter of law. The Reply introduces an unsupported medical-expert gatekeeping theory, the record reflects a material shift in Indications for Use language between K220760 and K223051, and Defendants' own Reply confirms the reversibility misrepresentation dispute remains live and supported by record evidence independent of any lecture transcript. [Dkt. 72 at 3–7; Dkt. 23 at 27–28; Dkt. 26-2 at 18, 24, 26].

Respectfully submitted: **02/22/2026**

/s/   **Jose M. Gonzalez, Pro Se**

## CERTIFICATE OF SERVICE

 I, Jose M. Gonzalez, Plaintiff pro se, do hereby certify that on the 13th day of February 2026, a true and correct copy of the foregoing:

### PROPOSED SURREPLY

via email to:

**Defendants**: International Medical Devices, Inc. ("IMD"); Menova International, Inc., ("Menova"); James J. Elist, M.D., a Medical Corporation; and, Dr. James Elist is an individual residing in Beverly Hills, California, as being represented by:

### BOWMAN AND BROOKE LLP

**Randall L. Christian**
Federal ID No. 15935
Texas Bar No. 00783826
randall.christian@bowmanandbrooke.com

**Jonathan L. Smith**
Federal ID No. 3632192
Texas Bar No. 24088436
jonathan.smith@bowmanandbrooke.com

### MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

**Mark J. Dyer**
State Bar No. 06317500
dyer@mdjwlaw.com

**Stephen D. Henninger**
State Bar No. 00784256
henninger@mdjwlaw.com
9111 Cypress Waters Blvd., Suite 250
Dallas, Texas 75019

**DATE: 02/22/2026**

/s/   Jose M. Gonzalez, Pro Se
1215 Hidalgo Street #205
Laredo, TX 78040
(956) 608-1811
middlemanadvert@gmail.com

5