UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

JOSE M. GONZALEZ,        §
    Plaintiff,        §
                           §
                           §
vs.        §
                           §        NO:  1:24-cv-00982-DAE
INTERNATIONAL MEDICAL        §
DEVICES, et al.,        §
    Defendants.        §
                           §

**PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION**

    Plaintiff Jose M. Gonzalez, pro se, respectfully submits these limited objections to the Report and Recommendation entered at Dkt. 74. And hereby states the following:

**Preliminary Statement**

    This objection concerns a narrow question about the traceability of the specific device implanted in Plaintiff.

    Defendants control the manufacturing, distribution, and implantation chain for the device at issue:

- Menova manufactures the device.

- International Medical Devices, Inc. distributes it.

- Dr. Elist created the device and performs the implantation surgeries. [Dkt# 34].

    The record shows that the device model at issue was manufactured in February 2022, while the FDA clearance relied upon by Defendants expanded the device's scope for cosmetic use in May 2022.

1

What the present record does not show is how the specific device implanted in Plaintiff moved through commerce between those dates.

In particular, the record does not identify:

- when the specific unit was shipped from the manufacturing facility,

- when it was distributed by IMD,

- when it arrived in Texas, or

- whether it was already in inventory awaiting implantation before the May 2022 regulatory change.

Those are ordinary product traceability questions. They concern the path of a specific medical device through manufacturing, distribution, and clinical use.

Plaintiff's preservation motion sought information necessary to understand that traceability. The Report and Recommendation treated the motion as though it rested only on speculation about document destruction. But the briefing record also presented a narrower issue concerning the integrity of an updated complaint record and the absence of transparency regarding custodians, repositories, and search methods for the records that would ordinarily show how the device moved through commerce.

Plaintiff does not ask the Court to enter the broad preservation injunction originally requested. Instead, Plaintiff asks the Court to modify the recommendation and order a limited sworn declaration identifying the custodians, repositories, search parameters, and preservation steps used to locate unit-level and lot-level traceability records.

Such limited relief would clarify the record without requiring the extraordinary remedy of a preservation injunction.

**I.    The Report reduces the dispute to speculative destruction risk, but the fully briefed record also presented a narrower integrity-and-maintenance issue.**

The Report states that Plaintiff offered "only speculation" and failed to show either:

- "a significant risk that relevant evidence will be lost or destroyed," or

- concern for "the continuing existence and maintenance of the integrity of the evidence in question." [Dkt# 74; citing *Mathews v. Exec. Off. for U.S. Att'ys* and *Legacy of Life, Inc. v. Am. Donor Servs., Inc.*].

That framing is incomplete. The briefing record did not rest on speculation about deletion alone. It also raised a concrete integrity and traceability issue concerning the specific device Defendants ask the Court to treat as falling within the May 13, 2022, FDA clearance expansion.

Plaintiff's motion and reply identified record issues tied to:

- an acknowledged 01/03/2025 Update in the complaint record, [Dkt# 53; Preservation; sealed_Exhibit_A_Complaint_Record.pdf].

- the absence of any prior version or audit trail for that updated record, [*id*.],

- and the absence of transparency concerning how the record was maintained. [Dkt# 55; Reply in Support.pdf; Ex A].

Defendants did not deny that the update occurred. They argued only that it was routine. [Dkt# 54].

So, the issue before the Magistrate was not simply whether records might be destroyed. It was also whether the Court should address the narrower concern that a complaint record had been updated without any disclosed version history, audit trail, or explanation of record maintenance—while Defendants simultaneously ask the Court to treat the regulatory status of the specific device as dispositive.

Accordingly, even if the Court concludes that the present record does not justify the extraordinary remedy of a broad preservation injunction, the Report is too broad insofar as it treats the dispute entirely as speculation about destruction rather than also addressing the separate integrity-and-traceability issue reflected in the briefing record. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)

## II. The record showed an actual Rule 37 conference, so the CV-7(g) issue was procedural, not substantive.

Plaintiff acknowledges that the original motion did not place the Local Rule CV-7(g) certification in the body of the motion. The Report was therefore correct to identify a procedural defect under that rule. [Dkt# 74].

But the fully briefed record also showed that an actual Rule 37 meet-and-confer occurred and that the parties' dispute over ESI transparency was concrete, not hypothetical. Specifically:

- Plaintiff's Reply stated that Defendants' failures were confirmed during the November 21 Rule 37 conference and cited Exhibit A. [Dkt# 55].

- Exhibit A memorialized that conference and begins: "Thank you for attending today's Rule 37 meet-and-confer." [Dkt# 55; Ex A].

- Exhibit A then set out Defendants' alleged refusal to identify:
  - custodians,
  - search parameters,
  - data sources,
  - and preservation steps. [Dkt# 55;Plaintiff's Reply in Support; Ex A.].

- Defendants represented that they "did not perform custodian searches." [Dkt# 54.pdf; at p. 5, Defendant's Response in Opposition to Preservation Motion].

4

So, the issue was not a failure to confer at all. It was a failure to place the certification in the body of the original motion, despite a documented conferral record by the time briefing closed. The R&R did not even address the substance of the Rule 37 email.

For that reason, the Court should treat the CV-7(g) issue as a curable procedural defect, not as a basis to disregard the narrower transparency dispute reflected in the full briefing record.

## III.    Even if a broad preservation injunction was unwarranted, the Court should order narrower transparency relief.

The motion sought broad preservation relief, but it also sought narrower transparency measures directed to:

- ESI custodians,

- repositories,

- retention and deletion practices,

- and related preservation mechanics.

The Report denied that request wholesale. [Dkt# 74]. On this record, however, a narrower remedy is available and appropriate.

The record before the Magistrate included:

- an acknowledged January 3, 2025, update to the complaint record,

  [Dkt# 53; sealed Ex A: Complaint Record].

- Defendants' admission that they did not perform custodian searches,

  [Dkt# 54].

- Plaintiff's documented request for:

  o   custodians,

  o   repositories,

- o    search parameters,

- o    and preservation-step transparency,

     [Dkt# 55; Ex A.pdf; Reply in Support].

- and Dkt# 56, which expressly stated it was a "Rule 7(b) evidentiary supplement submitted to assist the Court in locating records showing where device-identifying information appeared across FDA, IMD, and facility records", and that it did **not** offer merits argument. [Dkt# 56].

To the extent the Report referred to a "75-page supplemental brief and evidence," that characterization was imprecise as applied to Dkt. 56. [see, Dkt# 74].

On this record, Plaintiff does not ask the Court to enter the broad preservation injunction originally requested. Plaintiff asks only that the Court order Defendants to file a short-sworn declaration identifying:

- the custodians searched and not searched,

- the repositories searched,

- the date ranges used,

- the search terms or queries used, or confirmation that none were used,

- and the preservation steps taken, including litigation hold and auto-delete status.

That limited relief would address the concrete transparency gap reflected in the record without requiring a finding of spoliation and without imposing ongoing judicial supervision.

**Conclusion**

For these reasons, Plaintiff respectfully requests that the Court:

- sustain these objections in part,

6

- adopt the Report and Recommendation only insofar as it denies a broad preservation injunction,

- and modify the recommendation to require Defendants to provide the limited sworn transparency declaration described above in Section III.

This limited relief would clarify the record without requiring the Court to enter the extraordinary remedy of a preservation injunction.

Respectfully submitted,

Dated this 12th day of March 2026.

**Jose M. Gonzalez,** Pro Se
1215 Hidalgo Street #205
Laredo, TX 78040
(956) 608-1811
middlemanadvert@gmail.com

7

## CERTIFICATE OF SERVICE

I, Jose M. Gonzalez, Plaintiff pro se, do hereby certify that on the 12th day of March 2026, a true and correct copy of the foregoing:

**PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION**

via email to:

**Defendants**: International Medical Devices, Inc. ("IMD"); Menova International, Inc., ("Menova"); James J. Elist, M.D., a Medical Corporation; and, Dr. James Elist is an individual residing in Beverly Hills, California, as being represented by:

### BOWMAN AND BROOKE LLP

**Randall L. Christian**
Federal ID No. 15935
Texas Bar No. 00783826
randall.christian@bowmanandbrooke.com

**Jonathan L. Smith**
Federal ID No. 3632192
Texas Bar No. 24088436
jonathan.smith@bowmanandbrooke.com

### MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

**Mark J. Dyer**
State Bar No. 06317500
dyer@mdjwlaw.com

**Stephen D. Henninger**
State Bar No. 00784256
henninger@mdjwlaw.com
9111 Cypress Waters Blvd., Suite 250
Dallas, Texas 75019

**DATE: 03/12/2026**

/s/  **Jose M. Gonzalez, Pro Se**
1215 Hidalgo Street #205
Laredo, TX 78040
(956) 608-1811
middlemanadvert@gmail.com

8