IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSE M. GONZALEZ, | § | No. 1:24-cv-00982-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| INTERNATIONAL MEDICAL | § | |
| DEVICES, INC., et al., | § | |
| | § | |
| Defendants. | § | |

_____

ORDER (1) ADOPTING REPORT AND RECOMMENDATION, AND (2)
DENYING MOTION FOR PRESERVATION INJUNCTION

Before the Court is a Report and Recommendation ("Report") filed by Magistrate Judge Susan Hightower.  (Dkt. # 74.)  On November 24, 2025, Plaintiff Jose M. Gonzalez ("Plaintiff") filed a Motion for Preservation Injunction.  (Dkt. # 53.)  On February 27, 2026, Magistrate Judge Hightower submitted a Report and Recommendation, recommending that the Court deny Plaintiff's Motion.  (Dkt. # 74.)  On March 12, 2026, Plaintiff filed Objections to the Magistrate's Report and Recommendation ("Objections").  (Dkt. # 76.)

The Court finds this matter suitable for disposition without a hearing. After careful consideration, and for the reasons given below, the Court **ADOPTS**

the Magistrate Judge's Report and Recommendation (Dkt. # 74) and **DENIES**

Plaintiff's Motion for a Preservation Injunction (Dkt. # 53).

BACKGROUND

The Court agrees with Judge Hightower's recitation of the facts, as limited to the underlying motion, and incorporates them in full:

Plaintiff Jose M. Gonzalez, proceeding pro se, brings this product liability suit against Defendants International Medical Devices, Inc.; Menova International, Inc.; James J. Elist M.D., a Medical Corporation; and Dr. James Elist. (Dkt. # 1-1.) He asks the Court to enter a preservation injunction "to ensure the integrity of electronically stored information ('ESI') and hard-copy records relevant to this action." (Dkt. # 53 at 1.)

Plaintiff alleges that an injunction is necessary because Defendants have engaged in "post-hoc modification" of electronically stored information produced in discovery, establishing "a concrete and ongoing risk of spoliation if additional preservation measures are not promptly ordered." (Id.) Among other relief, he asks the Court to order Defendants to identify all ESI custodians and repositories, suspend all ESI data deletion, and preserve all materials related to nine broad categories of documents (including, e.g., "labeling, warnings, and intended-use discussions" and "shipment and distribution records"). (Id. at 11.) In response, Defendants argue that Plaintiff neither articulates nor shows why the

2

materials he seeks will be destroyed absent a preservation order.  They contend that Plaintiff's assertion of tampering with the evidentiary record is "utter nonsense," based only on a clearly identified January 3, 2025, update to the complaint record.  (Dkt. #54 at 4; see also Dkt. # 53-2 (complaint record filed under seal).)

LEGAL STANDARDS

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected.  See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider. Thomas v. Arn, 474 U.S. 140, 151 (1985).  A district court need not consider "[f]rivolous, conclusive, or general objections."  Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Report and

3

Recommendation is clearly erroneous or contrary to law.  United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

DISCUSSION

In her Report, Judge Hightower first admonished Plaintiff for repeatedly violating the Court's Local Rules.  (Dkt. # 74 at 2.)  Nonetheless, Judge Hightower proceeded to an analysis on the merits.  Judge Hightower restated the two- and three- factor tests applied to motions for preservation orders and found that Plaintiff failed to satisfy the first factor under both tests.  (Id. at 3.)  More specifically, she found that Plaintiff "offers only speculation [of significant risk that evidence will be lost or destroyed] based on his interpretation of a produced document, refuted by Defendants."  (Id.)

Plaintiff first objects that "[t]he Report reduces the dispute to speculative destruction risk, but the fully briefed record also presented a narrower integrity-and-maintenance issue."  (Dkt. # 76 at 3.)  Plaintiff argues that the issue is not simply whether records might be destroyed, but the "narrower concern that a complaint record had been updated without any disclosed version history, audit trail, or explanation of record maintenance . . . ."  (Id.)  However, this objection is substantively a repackaging of his original allegation using different terminology. Additionally, Judge Hightower was not "framing" Plaintiff's concern as one of mere "speculative destruction risk," but was applying the two- and three- factor

4

tests regularly used by this Court to find that Plaintiff had failed to satisfy the first factor of both tests.  Thus, to the extent Plaintiff's objection is that the Report ignored his concern of a "concrete integrity and traceability issue," (Id. at 3), this objection is without merit because the Report explicitly found that Plaintiff does not "raise any concern 'for the continuing existence and maintenance of the integrity of the evidence in question.'"  (Dkt. # 74 at 4.)

Plaintiff next acknowledges that he violated Local Rule CV-7(g) by failing to include a certificate of conference in his motion, but argues this is a curable procedural defect because "the fully briefed record also showed that an actual Rule 37 meet-and-confer occurred and that the parties' dispute over ESI transparency was concrete, not hypothetical."  (Dkt. # 76 at 4–5.)  This objection is without merit for several reasons.  First, Plaintiff himself admitted that there was a procedural violation, and the Court rejects his conclusory belief that his "documented conferral record" negates the requirement to attach a certificate of conference to his motion.  (See id.)  Second, and most importantly, Judge Hightower did not wholly disregard Plaintiff's motion on the basis of this procedural defect, but merely admonished Plaintiff for his repeated failures to comply with the Local Rules.  Lastly, the only piece of the record that Judge Hightower disregarded was Plaintiff's 75-page "supplemental" brief and evidence,

5

which he filed without leave.  (Dkt. # 74 at 2.)  Yet Plaintiff does not explain his failure to comply with the page-limit or failure to obtain leave of court.

Plaintiff's third and final objection is not a true objection but requests that "[e]ven if a broad preservation injunction was unwarranted, the Court should order narrower transparency relief."  (Dkt. # 76 at 5.)  Instead, "Plaintiff asks only that the Court order Defendants to file a short-sworn declaration identifying: the custodians searched and not searched, the repositories searched, the date ranges used, the search terms or queries used, or confirmation that none were used, and the preservation steps taken, including litigation hold and auto-delete status."  (Id. at 6.)  This is not a specific objection to the Magistrate's findings or recommendation but restates and narrows the relief previously requested and denied without offering any substantive justification for the narrowed request.

<u>CONCLUSION</u>

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. # 74) and **DENIES** Plaintiff's Motion for a Preservation Injunction (Dkt. # 53).

**IT IS SO ORDERED**.

**DATED**: Austin, Texas, May 8, 2026.

_____
David Alan Ezra
Senior United States District Judge